# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 11-910

PERRY M. WESTBROOK

VERSUS

KATHERINE BROUSSARD WEIBEL

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76916, DIVISION C
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

Michelle D. Bradley
Attorney at Law, APLC
1505 Common Street
Lake Charles, Louisiana 70601
(337) 990-0046
Counsel for Plaintiff/Appellant:
    Perry M. Westbrook

Howell D. Jones, IV
Law Firm of Howell D. Jones, IV
Post Office Box 14558
Alexandria, Louisiana  71315
(318) 442-1515
Counsel for Defendant/Appellee:
    Katherine B. Weibel

**GENOVESE, Judge.**

In this child custody case, the father, Perry M. Westbrook (Perry), appeals the trial court's judgment awarding the mother, Katherine B. Weibel (Kathy), sole custody of their minor child, Isabella Marie Westbrook (Isabella), subject to scheduled visitation. For the following reasons, we affirm in part, reverse in part, and render.

## FACTUAL AND PROCEDURAL BACKGROUND

Perry and Kathy were married in December of 2005. One child, Isabella, was born of their marriage on April 20, 2006. Perry filed for divorce in November of 2006, and the divorce was final in July of 2007.

Initially, in 2007, when the parties first divorced, Perry and Kathy each filed pleadings seeking custody of Isabella. Pursuant to a hearing held in November of 2007, the parties agreed to joint custody of Isabella. This agreement was memorialized in a written Consent Judgment Custody Implementation Order and filed into the court's record on March 5, 2008.

In September of 2009, joint custody of Isabella was transferred to Perry's mother, Irma Westbrook, and Kathy's sister, Maria Kamrowski, with Perry and Kathy having only supervised visitation, pending an investigation into alleged sexual abuse of Isabella.[1] Pursuant to a hearing held in November of 2009, Perry and Kathy entered into an agreement wherein they would share (50/50) custody of Isabella. This agreement, however, was not memorialized into a written Stipulated Judgment and filed into the court's record until June 29, 2010.

Also on June 29, 2010, Perry filed an Ex Parte Petition for Temporary Sole Custody and [a] Rule to Show Cause for Contempt. Therein, Perry asserted that

---

[1] All allegations were against Perry, not Katherine. No allegations against Perry were ever validated.

the shared (50/50) custody arrangement was detrimental to Isabella due to Kathy's refusal to comply with numerous provisions contained in the Stipulated Judgment.

On September 22, 2010, Kathy filed a Petition for Modification of Custody and Rule for Contempt. Therein, Kathy asserted that "the parties have experienced significant difficulty with co-domiciliary status and with confusion over visitation times." Kathy sought to change the shared (50/50) custody arrangement, specifically requesting "that custody and visitation be re-evaluated by the [c]ourt, that [she] be awarded domiciliary status over the minor child, [and] that Perry be granted reasonable visitation as this [c]ourt directs[.]"

Following a two-day hearing held on October 4, 2010, and December 9, 2010, the trial court issued Written Reasons on December 16, 2010, awarding sole custody of Isabella to Kathy and setting a visitation schedule on behalf of Perry. Also, in its Written Reasons, the trial court "decline[d] to hold either party in contempt at this time." A judgment consistent with the trial court's written reasons was signed March 9, 2011. From this judgment, Perry appeals.

## ASSIGNMENTS OF ERROR

Perry asserts six assignments of error:

1. The trial court erred by granting appellee sole custody of the minor child because she did not prove by clear and convincing evidence that sole custody was in the best interest of the child.

2. The trial court erred by not granting appellant sole custody of the minor child in light of the clear and convincing evidence of irreparable harm and alienation from the appellant that the child was subjected to by the appellee as well as the emotional abuse the child suffered as a result of the actions of appellee.

3. The trial court erred when it failed to apply the La.Civ.Code art. 134 factors as required by La.Civ.Code art. 131 in granting the modification of custody.

4. The trial court erred in failing to hold appellee in contempt of court despite the overwhelming evidence to the contrary.

2

5. The trial court erred in that its reasons do not articulate the theory or the evidentiary facts upon which its conclusion is based and the trial court's findings of fact and reasons are not clearly implied by the record.

6. The trial court erred in failing to apply the standards under La.R.S. 9:362 concerning child custody where there is a history of family violence.

## LAW AND DISCUSSION

An appellate court cannot set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

> The standard of review in child custody matters has been clearly stated by this court:
>
>> The trial court is in a better position to evaluate the best interest of the child from its observance of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion.
>
> *Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La.10/25/96), 681 So.2d 365.

*Gremillion v. Gremillion*, 07-492, p. 4 (La.App. 3 Cir. 10/3/07), 966 So.2d 1228, 1231-32.

In his first assignment of error, Perry submits that the trial court erred in granting Kathy sole custody of Isabella. Based on the recent holding of our supreme court in *Griffith v. Latiolais*, 10-754 (La. 10/19/10), 48 So.3d 1058, we agree that Perry's first assignment of error has merit.

3

In *Griffith*, 48 So.3d at 1070, our supreme court elaborated on the heightened evidentiary burden to be applied when a party seeks sole custody as follows:

> Pursuant to the 1993 Revisions to the child custody provisions, joint custody is no longer presumed to be in the best interest of the child; however, it is mandated unless (1) there is an agreement between the parents to the contrary which is in the best interest of the child, or (2) one parent shows by clear and convincing evidence that sole custody to that parent would serve the best interest of the child. [La.Civ.Code] art. 132. "Clear and convincing" evidence is applied in civil cases only in exceptional circumstances, "where there is thought to be special danger of deception, or where the court considers that the particular type of claim should be disfavored on policy grounds." *Talbot v. Talbot*, 03-814 (La.12/12/03), 864 So.2d 590, 598 (citing *Succession of Lyons*, 452 So.2d 1161, 1165 (La.1984) and *McCormick on Evidence*, § 340(b), p. 798 (2d ed.1972)). "The clear and convincing standard requires a party to prove the existence of a contested fact is highly probable, or much more probable than its non-existence." *Id*.

In *Griffith*, the trial court awarded the parents shared (50/50) custody. The mother appealed, asserting that the trial court erred in not awarding her sole custody. The appellate court found no manifest error in the trial court's factual findings, but did find an abuse of discretion by the trial court in ordering shared (50/50) custody. The appellate court reversed the shared custody award and awarded sole custody to the mother. The supreme court reinstated the trial court's award of shared (50/50) custody on the basis that sole custody was neither prayed for nor supported by the evidence contained in the record. We find *Griffith* analogous to the case *sub judice*.

Kathy requested a modification of the visitation schedule and to be designated as the domiciliary parent; she did not request that the arrangement be changed to sole custody. Further, at trial, Kathy did not offer the testimony of an expert that the best interest of Isabella would be served by awarding her sole custody. In *Griffith*, 48 So.3d at 1070, the supreme court stated, "no expert,

4

including the experts charged with doing custody evaluations, testified that the best interest of the child would be served by awarding [the mother] sole custody. In fact, every expert testified that custody should be shared." Though our review of the record does not find manifest error in the trial court's factual findings, we do find that the trial court abused its discretion by awarding sole custody to Kathy when she did not seek sole custody and when the evidence does not meet the heighted burden that it is clearly and convincingly in Isabella's best interest that Kathy be awarded sole custody. Therefore, we reverse the portion of the trial court's judgment which awarded Kathy sole custody of Isabella.

Having found a lack of support for the sole custody award, we must determine whether there is any merit to Perry's second assignment of error. In his second assignment of error, Perry asserts that the trial court's failure to award him sole custody of Isabella was erroneous. We do not find merit in this contention. Though Perry did request that he be awarded sole custody of Isabella, the evidence does not support such a determination and no expert testified that the best interest of Isabella would be served by awarding him sole custody.

Louisiana Civil Code Article 131 mandates that "[i]n a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child." Louisiana Civil Code Article 132 provides:

> If the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award.

> In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to the parent.

Thus, La.Civ.Code art. 132 establishes a presumption of joint custody of the children. Having found that neither Kathy nor Perry have met the heightened evidentiary burden to be awarded sole custody, we award joint custody of Isabella to Kathy and Perry.

Louisiana Revised Statutes 9:335(B)(1) provides that "[i]n a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for good cause shown." In designating the domiciliary parent for purposes of a joint custody determination, consideration must be given to the statutory factors set forth in La.Civ.Code art. 134 in order to determine what is in the best interest of the children. The factors of La.Civ.Code art. 134 to be considered are as follows:

(1) The love, affection, and other emotional ties between each party and the child.

(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of the environment.

(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(6) The moral fitness of each party, insofar as it affects the welfare of the child.

(7) The mental and physical health of each party.

(8) The home, school, and community history of the child.

(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

(11) The distance between the respective residences of the parties.

(12) The responsibility for the care and rearing of the child previously exercised by each party.

Contrary to Perry's contentions in his third assignment of error that the trial court failed to apply these statutory factors to determine what is in the best interest of Isabella, we find the trial court did consider the factors enumerated in La.Civ.Code art. 134. In considering these factors, the trial court stated in its Written Reasons that "the parties are either very close on each factor or both not in compliance with the item of consideration." Based on our thorough review of the record, we find no manifest error in the trial court's factual determinations. Applying the trial court's findings to the factors set out in La.Civ.Code art. 134, we find that the factors weigh in favor of Kathy to support her designation as the domiciliary parent of Isabella, subject to the specific visitation privileges as set forth by the trial court.

As to Perry's contention in his forth assignment of error that the trial court erred in failing to hold Kathy in contempt of court, we again find no merit. "A trial court is vested with great discretion to determine whether a party should be held in contempt for wilfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257 (citing *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346). There was testimony that both Kathy and Perry disobeyed the trial court's judgment with respect to the visitation schedule due to their inability to communicate with one another. We find it was not an abuse of discretion for the trial court not to hold Kathy in contempt.

Contrary to Perry's contentions in his fifth assignment of error that the trial court's "reasons failed to articulate the theory or the evidentiary facts upon which its conclusion is based[,]" we find the trial court's Written Reasons to be clear and concise and adequately support its conclusion. Further, this court's thorough review of the record finds no merit to Perry's assertion that "the trial court's findings of fact and reasons are not clearly implied in the record." The trial court's findings of fact and reasons for judgment are sufficiently specific to support its judgment.

In his final assignment of error, Perry argues that the trial court should have applied the Post-Separation Family Violence Relief Act, La.R.S. 9:361–369, to the facts of this case because he alleges there is a history of family violence. Kathy counters, in brief, that Perry failed to raise this argument at the trial court level, and it cannot be considered for the first time on appeal. We agree.

In reviewing the record, we note that Perry had sufficient opportunity to prepare and submit this issue for consideration by the trial court, but, for whatever reason, elected not to do so. Therefore, we find this issue is not preserved for consideration, and we will not entertain an issue when it is being raised for the first time at the appellate level. *See Stream Family Ltd. Partnership v. Marathon Oil Co.*, 09-561 (La.App. 3 Cir. 12/23/09), 27 So.3d 354, *writ denied*, 10-196 (La. 4/16/10), 31 So.3d 1064; *see also* Uniform Rules—Courts of Appeal, Rule 1–3.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed relative to its failure to hold Katherine B. Weibel in contempt of court, and the judgment of the trial court is reversed to the extent that it granted sole custody of Isabella Marie Westbrook to Katherine B. Weibel. We render judgment awarding Perry M. Westbrook and Katherine B. Weibel joint custody of Isabella Marie Westbrook,

8

subject to the specific visitation privileges in favor of Perry M. Westbrook as set forth by the trial court. We further render judgment designating Katherine B. Weibel as the domiciliary parent. The costs of this appeal are to be split equally by Perry M. Westbrook and Katherine B. Wiebel.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**