# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-580

**JARVIS HARMON, SR.**

**VERSUS**

**VICTORIA WILLIAMS HARMON**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 77200, DIV. C
HONORABLE JOHN E. CONERY, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Derriel C. McCorvey
The Law Office of Derriel C. McCorvey, L.L.C.
Post Office Box 2473
Lafayette, Louisiana 70502
(337) 291-2431
COUNSEL FOR PLAINTIFF/APPELLANT:**
      Jarvis Harmon, Sr.

**Judi F. Abrusley
407 East Sixth Avenue, Suite 2
Post Office Drawer 1114
Oakdale, Louisiana 71463
(318) 335-9771
COUNSEL FOR DEFENDANT/APPELLEE:**
      Victoria Williams Harmon

**GENOVESE, Judge.**

In this domestic case, the trial court found Defendant, Victoria Williams Harmon, free from fault in the dissolution of her marriage to Plaintiff, Jarvis Harmon, Sr., and ordered Mr. Harmon to pay Ms. Harmon final periodic support. Mr. Harmon appeals the trial court's determination of non-fault and its award of final periodic support without a specified duration. Ms. Harmon answered the appeal, requesting an increase in the amount awarded to her as final periodic support. For the following reasons, we affirm the judgment of the trial court and deny Ms. Harmon's request for an increase in final periodic support.

## FACTS AND PROCEDURAL HISTORY

On November 23, 2010, after twenty-six years of marriage, Mr. Harmon filed a petition seeking a divorce from Ms. Harmon pursuant to La.Civ.Code art. 102. On December 9, 2010, Ms. Harmon filed an answer and reconventional demand, alleging that she was in need of interim periodic support and also that she was free from fault in the breakup of the marriage for the purpose of pursuing final periodic support.

On June 8, 2011, Ms. Harmon filed a rule for final periodic support. Following a two-day hearing held on August 30, 2011, and October 10, 2011, the trial court took the matter under advisement. On January 4, 2012, written reasons for judgment were issued by the trial court. The trial court found Ms. Harmon free from fault and in need of support. The trial court also found that Mr. Harmon had the financial resources to pay Ms. Harmon final periodic support, and it ordered Mr. Harmon to pay Ms. Harmon $2,250.00 per month as final periodic support beginning on the date of the signing of the judgment. The trial court signed the judgment on January 31, 2012. It is from this judgment that Mr. Harmon appeals.

On appeal, Mr. Harmon challenges the trial court's determination that Ms. Harmon was free from fault "in the break-up of the marriage prior to the filing of the Petition for Divorce" and the trial court's amount of "final periodic spousal support[1] of no set duration." Ms. Harmon answered the appeal, seeking an increase in "the amount of permanent spousal support from $2,250.00 per month . . . to a substantially higher amount because the evidence shows that [Mr. Harmon] has the resources to pay more[,] and [she] has the need for more income than was awarded."

## ASSIGNMENTS OF ERROR

I.    The [t]rial [c]ourt erred in finding that [Ms. Harmon] was free from fault in the break-up of the marriage prior to the filing of the Petition for Divorce, entitling her to final periodic spousal support.

II.   The [t]rial [c]ourt erred in awarding [Ms. Harmon] final periodic spousal support of no set duration.

## LAW AND DISCUSSION

*FAULT*

Mr. Harmon argues that the trial court's judgment was in error because it was based on the finding that Ms. Harmon was free from fault in the breakup of the marriage when she was "guilty of behavior classified as 'fault' according to the jurisprudence." We disagree.

*Standard of Review*

> An appellate court cannot set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

---

[1]Though both Mr. Harmon and Ms. Harmon refer to "final periodic spousal support," La.Civ.Code art. 112 refers to only "final periodic support." Therefore, throughout the opinion, except in direct quotes, we will use the phrase "final periodic support" as it is listed in La.Civ.Code art. 112.

*Barlow v. Barlow*, 11-1286, p. 9 (La.App. 3 Cir. 4/11/12), 87 So.3d 386, 391-92

(quoting *Westbrook v. Weibel*, 11-910, p. 3 (La.App. 3 Cir. 12/7/11), 80 So.3d 683,

686, *writ denied*, 12-403 (La. 3/7/12), 83 So.3d 1048).

In seeking final periodic support, Ms. Harmon bears the burden of proving

that she was free from fault in the dissolution of the marriage. *See Barlow*, 87

So.3d 386 (citing *Terry v. Terry*, 06-1406 (La.App. 3 Cir. 3/28/07), 954 So.2d

790).

> "It is well settled that a trial court's factual findings
> regarding fault in the area of domestic relations are given
> great deference on review. If the trial court's findings are
> reasonable, i.e. not manifestly erroneous or clearly
> wrong, then they will not be disturbed." [*Terry*, 954
> So.2d] at 793 (citing *Coleman v. Coleman*, 541 So.2d
> 1003 (La.App. 3 Cir. 1989)).
>
> *Henry v. Henry*, 08-692, p. 2 (La.App. 3 Cir. 12/10/08), 999 So.2d
> 255, 256-57.

*Id.* at 393.

As set forth by this court in *Wolff v. Wolff*, 07-332, pp. 2-3 (La.App. 3 Cir.

10/3/07), 966 So.2d 1202, 1204:

> The statutes applicable to the award or denial of final periodic
> spousal support are La.Civ.Code arts. 111 and 112. Louisiana Civil
> Code Article 111 states:
>
>> In a proceeding for divorce or thereafter, the court
>> may award interim periodic support to a party or may
>> award final periodic support to a party who is in need of
>> support and who is free from fault prior to the filing of a
>> proceeding to terminate the marriage in accordance with
>> the following Articles.

The factors that the trial court considers to determine whether an award of final

periodic support is merited are listed in La.Civ.Code art. 112:

> A. When a spouse has not been at fault and is in need of
> support, based on the needs of that party and the ability of the other
> party to pay, that spouse may be awarded final periodic support in
> accordance with Paragraph B of this Article.

B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:

(1) The income and means of the parties, including the liquidity of such means.

(2) The financial obligations of the parties.

(3) The earning capacity of the parties.

(4) The effect of custody of children upon a party's earning capacity.

(5) The time necessary for the claimant to acquire appropriate education, training, or employment.

(6) The health and age of the parties.

(7) The duration of the marriage.

(8) The tax consequences to either or both parties.

C. The sum awarded under this Article shall not exceed one-third of the obligor's net income.

Ms. Harmon denied being at fault in the dissolution of the marriage and testified that Mr. Harmon's infidelity and dishonesty were an ongoing problem during the marriage. Mr. Harmon accused Ms. Harmon of behaving in a manner that made their marriage unsupportable. Ms. Harmon alleged that Mr. Harmon admitted his indiscretions to her, only to later deny any wrongdoing to others and to accuse her of defaming him among his congregation.[2] Mr. Harmon also accused Ms. Harmon of abusing prescription drugs, which he testified exacerbated her irrational and paranoid behavior. Mr. Harmon alleges that Ms. Harmon's behavior constituted fault and barred her from entitlement to final periodic support.

In its written reasons for judgment, the trial court stated, in pertinent part:

The [c]ourt finds that [Ms. Harmon] was free from fault within the meaning of that phrase prior to the filing of the proceedings to terminate the marriage. The main issue to be decided by the [c]ourt is

---

[2]Prior to their separation, Mr. Harmon and Ms. Harmon were both affiliated with True Vine Ministries in Lafayette, Louisiana. Mr. Harmon was a bishop; Ms. Harmon was a pastor.

one of credibility of the witnesses. [Ms. Harmon], Rose Harmon, the sister-in-law of [Ms. Harmon] and sister of [Mr. Harmon], Edna Dean Williams, the mother of [Ms. Harmon], Jamie Harmon and Jarvis Harmon, Jr., the sons of [Mr. and Ms. Harmon], all testified that [Mr. Harmon] had admitted to adultery and sexual sins. The [c]ourt accepts their testimony as credible and believable.

. . . .

Applying *Diggs v. Diggs*, [08-1271 (La.App. 3 Cir. 4/1/09), 6 So.3d 1030[3]], this [c]ourt specifically finds that [Ms. Harmon] was free from fault in causing the breakup of the marriage and that she should not be deprived of alimony due to a reasonable justifiable response to the acts of [Mr. Harmon]. Though it is true that [Ms. Harmon] became quite hostile towards [Mr. Harmon], the [c]ourt nevertheless finds that her reaction and response to his adultery and pornography were "a justifiable response" to [Mr. Harmon's] acts[.]

Based on our review of the record, we find the trial court's ruling was not clearly wrong or manifestly erroneous and that there was sufficient evidence to support same. The trial court heard testimony from several witnesses who corroborated Ms. Harmon's testimony. It is clear the trial court did not consider Mr. Harmon's testimony credible regarding his reason for exiting the marriage. We find insufficient evidence in the record to support Mr. Harmon's claim that Ms. Harmon was not free from fault prior to the filing of the proceeding to terminate the marriage as required by La.Civ.Code art. 111.

## DURATION OF FINAL PERIODIC SUPPORT

In his second assignment of error, Mr. Harmon argues that the trial court erred in failing to set a duration for said award and offers comment (c)[4] of La.Civ.Code art. 112 in support of his contention. We disagree.

---

[3]In *Diggs*, 6 So.3d 1030, the trial court ruled that the wife proved her entitlement to final periodic support. This court affirmed the trial court's ruling that the wife's habitual intemperance and cruel treatment of her husband during the marriage was not the cause of the failure of the marriage.

[4]Comment (c) relative to La.Civ.Code art. 112 provides, in pertinent part, "The sixth factor listed in this Article, coupled with the word 'duration' in the first sentence of the Article, permits the court to award rehabilitative support and other forms of support that terminate after a set period of time."

*Standard of Review*

> An appellate court may not set aside a trial court's finding of fact in the absence of "manifest error"or unless it is "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record." *Evans v. Lungrin*, 97-0541, pp. 7-8 (La.2/6/98); 708 So.2d 731, 735. A legal error occurs when the trial court incorrectly applies principles of law and those errors are prejudicial. *Id.*

*Dupre v. Dupre*, 02-902, p. 3 (La.App. 3 Cir. 12/30/02), 834 So.2d 1272, 1276.

We find no merit to Mr. Harmon's assertion that the trial court is required to set a duration for the final periodic support award. An award of final periodic support may be modified if the circumstances of either party materially change and shall be terminated if it becomes unnecessary. *See* La.Civ.Code art. 114. Further, the obligation is extinguished if the party receiving support remarries or cohabitates in the manner of a married person. *See* La.Civ.Code art. 115. Mr. Harmon's reliance on comment (c) of La.Civ.Code art. 112 is misplaced. *See Guillory v. Guillory*, 09-988 (La.App. 3 Cir. 2/3/10), 29 So.3d 1288; *see also Faucheux v. Faucheux*, 11-939 (La.App. 5 Cir. 3/27/12), 91 So.3d 1119. Though La.Civ.Code art. 112 permits a specified duration, it does not mandate such. Therefore, it is discretionary with the trial court, and we find no legal error in the trial court's failure to set a duration for the final periodic support.

We also note that Mr. Harmon, in brief, argues that "[t]he [t]rial court erred in awarding [Ms.] Harmon final periodic spousal support." However, Mr. Harmon does not allege in his assignments of error any error by the trial court in the amount of final periodic support awarded to Ms. Harmon. Mr. Harmon's assignments of error are specifically stated and are directed solely toward the issues of fault and

duration. Therefore, because that issue was not assigned as error, we do not consider it. *See* Uniform Rules—Courts of Appeal, Rule 2–12.4.

## *ANSWER TO APPEAL*

Ms. Harmon, in her answer to appeal, argues that the amount awarded to her as final periodic support is erroneous, and she seeks an increase in the amount awarded by the trial court.

In its written reasons for judgment, the trial court stated, in pertinent part:

> [Ms. Harmon] has set out a list of expenses totaling $6,275.00. She claims that based on the amount of money she is receiving she's short about $5,275.00 a month. [Mr. Harmon] was averaging about $16,000.00 a month. The [c]ourt finds that since the breakup of the marriage, his income has been substantially reduced to $8,000.00 per month. The [c]ourt nevertheless finds that Mr. Harmon's explanation of his income and expenses is likewise not credible and believable based on his history of past earnings and his ability to continue to earn a high income from his church pursuits. After considering all of the evidence, the [c]ourt finds that an award of $2,250.00 per month in final permanent spousal support is well within the means of [Mr. Harmon] to pay and certainly considerably less than the actual needs established by [Ms. Harmon].

The issue before this court relative to the amount awarded to Ms. Harmon as final periodic support is whether the trial court was manifestly erroneous in its judgment. *See Barlow*, 87 So.3d 386. Considering the record before us, we find sufficient evidence to support the trial court's determination. The court made a factual determination and a credibility call. Though there may be two permissive views of the evidence, we find no manifest error. We, likewise, find no abuse of the trial court's discretion in awarding Ms. Harmon final periodic support in the amount of $2,250.00. Ms. Harmon's argument relative to the amount awarded as final periodic support is unsupported and without merit.

### DECREE

For the foregoing reasons, the judgment finding Victoria Williams Harmon free from fault and awarding her final periodic support is affirmed. Ms. Harmon's

7

answer to appeal requesting an increase in final periodic support is denied.  Costs of this appeal are assessed against Plaintiff/Appellant, Jarvis Harmon, Sr.

**AFFIRMED.**