DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-432

ANDREA KILCHRIST

VERSUS

LEROY JOHN KILCHRIST

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 90831-F
HONORABLE EDWARD M. LEONARD, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, John D. Saunders , and, J. David Painter Judges.

AFFIRMED.

Lucretia Pecantte-Burton
P.O. Box 13738
New Iberia, LA 70562
Counsel for Defendant-Appellant:
    Leroy J. Kilchrist

Richard D. Mere
P. O. Box 3301
Lafayette, LA 70502
Counsel for Plaintiff-Appellee
    Andrea Kilchrist

**PAINTER, Judge**

Leroy Kilchrist appeals the judgment of the trial court denying the parties' cross-motions for contempt. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The parties are sister and brother. Their mother left them adjoining pieces of property. The property left to Leroy was subject to a servitude in favor of the property left to Andrea, his sister, to give her a way to access her property. The use of the servitude has been a constant source of conflict between the parties since they gained ownership of the property.

On February 11, 2011, Leroy filed a rule seeking to have Andrea found in contempt of court for failing to comply with a trial court judgment dated October 6, 2006, concerning the use of servitude. On April 25, 2011, Andrea filed a motion to amend the 2006 judgment and to have her brother found in contempt of court for failing to comply with that same judgment.

After a hearing on August 24, 2011, the trial court denied both motions. He reiterated his previous order that there were to be no obstructions to the servitude area. Leroy appeals.

## DISCUSSION

On appeal, Leroy asserts that in light of the evidence, the trial court erred in failing to find Andrea in contempt of court. We disagree.

Willful disobedience of a court order or judgment constitutes constructive contempt of court and is punishable as such. La.Code Civ.P. arts. 225 and 227.

"A trial court is vested with great discretion to determine whether a party should be held in contempt for wilfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27 (La.App. 3 Cir. 5/2/07), 957 So.2d 251,

1

*cited in Westbrook v. Weibel*, 11-910 (La.App. 3 Cir. 12/7/11), 80 So.3d 683, 689. The trial court's decision in this regard will not be overturned absent an abuse of that discretion. *Chauvin v. Chauvin*, 46,365 (La.App. 2 Cir. 6/22/11), 69 So.3d 1192, 1198. "A finding that a person willfully disobeyed a court order in violation of Article 224(2) must be based on a finding that the person violated an order of the court intentionally, knowingly, and purposefully, without justifiable excuse." *Boyd v. Boyd*, 10-1369 (La.App. 1 Cir. 2/11/11), 57 So.3d 1169, 1179 (citing *Lang v. Asten, Inc*., 05-1119 (La.1/13/06), 918 So.2d 453, 454.)

While both parties herein presented evidence of their perceptions of slights, injuries, and harassment, and both parties obviously feel that he or she has been injured by the other, there was little or no real evidence of willful disobedience of the court's October 2006 order. Accordingly, we find no error in the trial court's decision to deny Leroy's motion for contempt.

## CONCLUSION

Therefore, we affirm the judgment of the trial court. Costs of this appeal are assessed to Appellant, Leroy Kilchrist.

**AFFIRMED.**