# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-739

MARY LORRAINE MUNNERLYN

VERSUS

KENNETH W. MUNNERLYN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125394
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.

**JUDGMENT REVERSED IN PART; AMENDED IN PART AND AFFIRMED AS AMENDED; REMANDED FOR FURTHER PROCEEDINGS.**

Leon J. Minvielle, III
Haik, Minvielle & Grubbs
Post Office Box 11040
New Iberia, LA 70562-1040
(337) 365-5486
COUNSEL FOR DEFENDANT/APPELLEE:
    Kenneth W. Munnerlyn

James W. Schwing, Sr.
411 Iberia Street
New Iberia, LA 70560
(337) 365-2445
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mary Lorraine Munnerlyn

**AMY, Judge.**

The plaintiff filed suit, seeking to enforce a provision in her Texas divorce decree requiring the defendant to pay her health insurance expenses. After a hearing, the trial court ordered that the defendant reimburse the plaintiff for previously paid health insurance premiums, but, finding that the plaintiff had not met her burden of proof, dismissed the plaintiff's claim for ongoing health insurance premiums. This appeal follows. For the following reasons, we reverse in part; amend in part and affirm as amended; and remand for further proceedings.

## Factual and Procedural Background

The plaintiff, Mary Lorraine Munnerlyn, was formerly married to the defendant, Kenneth Wayne Munnerlyn, Jr. The parties sought a divorce in the Texas district court. In March of 2009, the parties entered into an agreed final decree of divorce, which was signed by the Texas district court judge. In part, the agreed divorce decree provided that:

> The parties hereby agree that **Kenneth Wayne Munnerlyn, Jr.,** shall provide **Mary Lorraine Munnerlyn** with health insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, at his sole cost and expense.

In November of 2014, Lorraine filed a petition to make the foreign judgment executory concerning the divorce decree, and that petition was granted. Thereafter, she filed a motion to enforce the divorce decree, alleging that Kenneth did not pay her insurance premiums as required and, as of May 4, 2014, owed her $35,748.47. Lorraine also requested an order requiring Kenneth to continue to pay her health insurance premiums, in the amounts of $750.00 for December 2014 and $898.37 starting on January 1, 2015.

At a hearing on that issue, the parties stipulated that, as of May 4, 2014, Lorraine paid $35,748.47 in insurance premiums and that Kenneth reimbursed her $11,980.20. Lorraine also testified that she obtained a new insurance policy with a monthly premium of $750.60 for December 2014 and $898.37 thereafter. Kenneth testified that Lorraine never consulted him about the cost of the insurance policies she obtained and refused to provide him with any information about the specifics or costs of her policies. He also testified that he had found several comparable insurance policies with, at least preliminarily, substantially lower premiums.

The trial court entered judgment in favor of Lorraine for the unreimbursed portion of her previously-incurred health insurance premiums in the amount of $23,768.27. However, finding that the provision concerning health insurance premiums was interim periodic spousal support, the trial court considered the issue of whether Kenneth would be required to continue to pay Lorraine's health insurance premiums de novo. The trial court determined that Lorraine had not presented any information concerning her need for spousal support and whether Kenneth was able to pay. Accordingly, the trial court found that Lorraine had not met her burden of proof with regard to the issue of ongoing payment of Lorraine's health insurance premiums and denied her request.

Lorraine appeals, asserting that the trial court erred in failing to award legal interest on the judgment from the date of judicial demand; in not recognizing and enforcing the Texas divorce decree; in finding that the Texas divorce decree provided for interim periodic spousal support; and in denying her request for ongoing payment of her health insurance premiums.

**Discussion**

*Full Faith and Credit*

As Lorraine noted in her pre-trial memorandum, this proceeding addresses two issues: 1) Lorraine's claim for reimbursement for previously-paid health insurance pursuant to the Texas divorce decree and 2) Lorraine's claim for ongoing payment of her health insurance premiums starting December 1, 2014. Lorraine contends that the trial court erred in failing to recognize and enforce the Texas divorce decree; in determining that the Texas divorce decree awarded interim periodic spousal support; and in denying her request for ongoing payment of her health insurance premiums.

It is well-settled that Louisiana is required to give full faith and credit to the judgments of the courts of its sister states. U.S. Const. art. 4, § 1; *Johnson v. Williams*, 49,749 (La.App. 2 Cir. 4/15/15), 163 So.3d 880. Thus, a foreign judgment is entitled to at least the res judicata effect to which it would be entitled in the state that rendered the judgment. *Nolan v. Fifteenth Judicial Dist. Attorney's Office*, 10-1093 (La.App. 3 Cir. 4/6/11), 62 So.3d 805 (quoting *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242 (1963)), *writ denied*, 11-1350 (La. 9/2/11), 68 So.3d 520. However, a foreign judgment may not be entitled to full faith and credit where the rendering forum lacked jurisdiction or where a collateral attack on the judgment would have been permitted in the state that rendered the judgment. *Johnson*, 163 So.3d 880. In both cases, the burden lies on the litigant seeking to deny full faith and credit to the foreign judgment. *Id.*

Our review of the record reveals nothing indicating that the parties contested the jurisdiction of the Texas court or suggesting that the Texas divorce decree was subject to collateral attack. Thus, we find that the Texas divorce decree was

entitled to full faith and credit. With regard to claims for previously-incurred health insurance premiums, we note that the parties stipulated as to the amounts incurred by Lorraine and the reimbursements previously paid by Kenneth. Further, given the res judicata effect of the Texas divorce decree, we find no error in the trial court's award for those previously-incurred health insurance premiums.

*Request for Payment of Ongoing Health Insurance Premiums*

With regard to Lorraine's claims for payment of her ongoing health insurance premiums, the trial court's reasons for judgment indicate that the trial court determined that because the Texas divorce decree contained no indication of whether the payments were intended to be permanent or when they were to terminate, that ongoing payment of Lorraine's monthly premiums was interim periodic spousal support. Thus, the trial court considered the issue de novo and ultimately found that, because Lorraine did not prove that she was entitled to final periodic support, she was not entitled to any further payments for health insurance premiums from Kenneth.

As previously discussed, the Texas divorce decree is entitled to full faith and credit in our Louisiana courts, and is considered res judicata to the extent that it would be afforded such in Texas, the rendering state. *Nolan*, 62 So.3d 805. Further, the burden of proving that the Texas divorce decree is not entitled to full faith and credit lay on Kenneth, the party contesting his obligations under the decree. *Johnson*, 163 So.3d 880.[1] Kenneth contested his obligation to make ongoing payments for the health insurance premiums pursuant to the Texas divorce decree. However, Kenneth's arguments were essentially that a) the divorce decree

---

[1] We also note that a panel of this court has previously found that, although La.Civ.Code art. 112 permits an award of final periodic support to have a specified duration, it does not require it. *Harmon v. Harmon*, 12-580 (La.App. 3 Cir. 11/7/12), 101 So.3d 1122.

4

did not reflect the actual agreement between the parties with regard to the termination of his obligations and b) that the amounts requested were unreasonable because Lorraine failed to communicate with him about her insurance and did not investigate whether she could get comparable insurance for a lower price. We conclude that these arguments are insufficient to defeat the res judicata effect of the Texas divorce decree.

Given the res judicata effect of the Texas divorce decree, we also conclude that the trial court erred in modifying the Texas divorce decree when such a modification was not sought by either party. As discussed in *Domingue v. Bodin*, 08-62, p. 3 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657:

> Pursuant to La.Code Civ.P. art. 191 "[a] court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." From that grant of power, trial courts are vested with authority, under La.Code Civ.P. art. 862 to grant relief to the party in whose favor the final judgment rendered was entitled, even if the party has not demanded such a relief in his pleadings and the latter contain no prayer for general and equitable relief. Accordingly, "under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when *permission to amend the pleadings is requested and granted*." La.C.C.P. Art. 1154. (emphasis supplied). *Ussery v. Ussery*, 583 So.2d 838, 841 (La.App. 2 Cir.1991) (*citing Guillory v. Buller*, 398 So.2d 43 (La.App. 3 Cir.1981)). However, notwithstanding this authority, "nothing in the article [art. 862] is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it." *Id*. Otherwise, "[a] judgment beyond the pleadings is a nullity." *Id*. at 841, *citing Romero v. State Farm Fire & Casualty Co.*, 479 So.2d 694 (La.App. 3 Cir.1985).

Additionally, due process considerations require adequate notice to the parties that the matter will be adjudicated. *Sylvester v. Fontenot*, 10-1115 (La.App. 3 Cir. 3/9/11), 58 So.3d 675.

Our review of the record reveals nothing suggesting that either party sought modification of the Texas divorce decree to reduce or terminate Kenneth's

obligation to pay Lorraine's health insurance premiums. *See* La.Civ.Code art. 114; *Norvell v. Norvell*, 94-01 (La.App. 4 Cir. 1/19/95), 649 So.2d 95, *writs denied*, 95-681, 95-683 (La. 5/5/95), 654 So.2d 325. As Lorraine noted in her pre-trial memorandum, she sought resolution of two issues: 1) reimbursement for previously-paid health insurance pursuant to the Texas divorce decree and 2) ongoing payment of her health insurance premiums starting December 1, 2014. As previously mentioned, Kenneth's arguments concerning the Texas divorce decree concerned whether the divorce decree adequately reflected the actual agreement between the parties and whether the amounts requested by Lorraine were reasonable. Thus, the trial court erred when it went beyond the scope of the pleadings and required Lorraine to prove de novo her entitlement to ongoing payment of her health insurance premiums. This was clearly "a controversy the parties have not regularly brought before it." *Domingue*, 996 So.2d at 657 (quoting *Ussery v. Ussery*, 583 So.2d 838 (La.App. 2 Cir. 1991)).

Accordingly, we find that the Agreed Final Decree of Divorce rendered in Montgomery County, Texas on May 19, 2009, and made executory by judgment signed November 19, 2014, in Iberia Parish, Louisiana is entitled to full faith and credit and reverse the trial court's judgment denying Lorraine's request for payment of her ongoing health insurance premiums. Further, we remand this matter to the trial court for further proceedings consistent with this opinion.

*Interest Award*

Lorraine also asserts that the trial court erred in failing to award legal interest from the date of judicial demand. Our review of the record indicates that Lorraine requested judicial interest in her petition to make foreign judgment executory, as well as in her affidavit attached to her motion to enforce divorce

decree. Kenneth contends that the parties' stipulation at the hearing precludes an award of interest.

Louisiana Code of Civil Procedure Article 1921 states "[t]he court shall award interest in the judgment as prayed for or as provided by law." Our review of the transcript of the hearing indicates that the parties' stipulations are only as to the amount paid by Lorraine for health insurance premiums and the amount Kenneth has reimbursed Lorraine for those premiums. Further, under the facts of this case, we conclude that the demand in Lorraine's affidavit is sufficient to constitute a prayer for interest. Accordingly, we amend the judgment to reflect that the award for Lorraine's previously-incurred health insurance premiums includes legal interest from the date of judicial demand.

### DECREE

For the foregoing reasons, we find that the Agreed Final Decree of Divorce rendered in Montgomery County, Texas on May 19, 2009, and made executory by judgment signed November 19, 2014, in Iberia Parish, Louisiana is entitled to full faith and credit and reverse the trial court's judgment denying Mary Lorraine Munnerlyn's request for payment of her ongoing health insurance premiums. We remand this matter to the trial court for further proceedings consistent with this opinion.

Further, we amend the trial court's judgment dated April 8, 2015, to reflect that the $23,768.27 award to Ms. Munnerlyn for previously-incurred health insurance premiums includes legal interest from November 25, 2014, the date of

judicial demand, and affirm that part of the judgment as amended. Costs of this

proceeding are assessed to Kenneth Wayne Munnerlyn, Jr.

**JUDGMENT REVERSED IN PART; AMENDED IN PART AND AFFIRMED AS AMENDED; REMANDED FOR FURTHER PROCEEDINGS.**