# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**20-29**


**ANNIE TAYLOR GREEN**

**VERSUS**

**HOWARD GREEN**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-89491 DIVISION B
HONORABLE LALA BRITTAIN SYLVESTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Kelvin G. Sanders**
**Attorney at Law**
**418 Desoto Street**
**Alexandria, LA 71315**
**(318) 487-0009**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Annie Taylor Green**

**Robert C. Owsley**
**Murchison & Murchison, L.L.C.**
**Post Office Box 226**
**Natchitoches, LA 71458-0226**
**(318) 352-2302**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Howard Green**

**GREMILLION, Judge.**

Plaintiff/Appellant, Annie Taylor Green, appeals the trial court's award of $117.00 per month in final periodic support, requesting an increase. For the following reasons, we affirm the trial court's judgment and deny Appellant's request.

## FACTUAL AND PROCEDURAL BACKGROUND

Annie and Howard Green married in 1973 and had four children. Annie filed a petition for divorce from Howard in June 2017. Howard was ordered to pay $1,250.00 in interim spousal support along with $1,062.00 toward automobile expenses for the vehicle driven by Annie. Annie filed a rule for contempt stating that Howard was not paying interim spousal support or the vehicle expense. Pursuant to a consent judgment, the parties worked out an agreement for the arrearages. The parties were divorced on February 8, 2018. The trial court ordered Howard to continue to pay the previously-ordered interim spousal support for one hundred eighty days from the rendition of the judgment of divorce.

In July 2018, Annie filed a petition to partition community property and a rule for permanent spousal support. Following an April 2019 trial on the issue of permanent spousal support, the trial court awarded Annie $117.00 monthly for a period of twenty-four consecutive months, finding that Howard failed to meet his burden of proof establishing that Annie was at fault for the break-up of the marriage. The trial court arrived at the $117.00 figure after finding that:

> Here, both parties are retired from the workplace and on limited incomes. Plaintiff's income is $2,108.31 per month. Defendant's income is $5,101.31 per month. Both have filed income and expense affidavits which show both are operating at or near a deficit. This court has closely examined these affidavits and after some conservative adjustments, this court finds that:
>
> 1. Plaintiff is operating at a monthly deficit of about $3,312.42 per month based on the Plaintiff's Income and Expense Affidavit less the $230 per month expense for pet care and other expenses and $250 contributions to church and charities. This court finds these two

expenses needless and inappropriate considering Plaintiff's monthly deficit spending.

2. Defendant is operating at a monthly surplus of $117.10 based on the Defendant's testimony correcting his monthly income statement . . . to reflect that he no longer pays Plaintiff's truck insurance . . ., and Mid-South Bank . . . .  This court further finds that the estimates for items #8 and 9 are unreasonably inflated and thus were reduced 25%.  Item #1, "tithes and offering", was deleted for the same reason it was deleted from Ms. Green's budget.  This court finds his adjusted net monthly expenses to be $4,984.21 per month.

Annie now appeals.  Her sole assignment of error is that the trial court erred in its calculation of final periodic support.

## DISCUSSION

A trial court may award final periodic support to a party in need who is free from fault.  La.Civ.Code art. 112.  The trial court must consider all relevant factors in fashioning an award of final periodic support.  La.Civ.Code art. 112.  Some of those factors include the parties' incomes, debts, earning ability, time necessary for work rehabilitation, health, age, duration of marriage, tax consequences, and whether one party committed domestic abuse.  *Id.*  The amount awarded cannot exceed one-third of the net income of the paying spouse.  *Id.*  We review a trial court's award of final periodic support under the manifest error standard of review.  *Harmon v. Harmon*, 12-580 (La.App. 3 Cir. 11/7/12), 101 So.3d 1122.  Thus, if the trial court's findings are reasonable, we cannot disturb them even if we may have arrived at a different conclusion.  *Id.*; *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

Howard, who was seventy-three at the time of trial, testified regarding his expense sheet.  He stated that he allocated $1,200.00 for rent, although he is not using all of it because he is currently living with his daughter.  He said that he could not afford to move out, but if he were to get his own place, there are none available in the Dallas-Fort Worth area for less than $1,200.00.  However, on cross examination, he testified he did not have any independent verification of the price of an apartment.  He went on

2

to describe the expenses he is currently paying noting, however, that he no longer pays

Annie's truck insurance (item # 14) or the Mid South Bank note (item #15).   His most

recent exhibit of monthly expenses was as follows[1]:

| | |
|---|---|
| 1. Tithes and Offering | $500.00 |
| 2. Housing (rent) | $1,200.00 |
| 3. Food and household supplies | $500.00 |
| 4. Transportation (note) | $600.00 |
| 5. Gas | $300.00 |
| 6. Insurance for auto | $150.00 |
| 7. Utilities | $300.00 |
| 8. Clothing and toiletries | $200.00 |
| 9. Personal and grooming necessities | $200.00 |
| 10. RV (Winnebago) | $657.21 |
| 11. RV (Winnebago) Insurance | $135.00 |
| 12. RV storage | $82.00 |
| 13. Mid South Bank (Truck Ann drives) | $504.00 |
| 14. Insurance on truck Ann drives | $300.00 |
| 15. Mid South Bank | $420.91 |

(signature loan for her special appliance and special bath tubs in the house)

| | |
|---|---|
| 16. Synchrony Bank (bedroom suite) | $200.00 |
| 17. Alimony arrearage | $56.00 |
| Total Monthly expenses | $6,305.12 |

In its judgment, the trial court reduced items #8 and #9 by 25% ($100.00), finding

that they were unreasonably inflated.  It deleted item #1 as needless and inappropriate

---

[1] This monthly expense sheet was filed into the record on April 22, 2019.

3

considering Howard had a spending deficit. The trial court found Howard's net monthly expenses to be $4,984.21 per month.

On appeal, Annie argues that the trial court erred in allowing $1200.00 for housing and $300.00 for utilities since Howard lives with his daughter and presented no evidence of same. We disagree. The trial court heard Howard's testimony that he wishes to live independently but has been unable to during the divorce proceedings. We find that $1,500.00 for housing and utilities in the Dallas-Forth Worth area where Howard lives is not unreasonable. Annie makes no other arguments regarding Howard's expenses other than to say that she pays the house note of $1,924.24 for the former marital home. As noted by Howard, Annie has had over two years to find suitable housing within her means.

Although Annie makes claims in a footnote that she was abused and, therefore, should not have her final periodic support award limited by one-third of the obligor's net income pursuant to La.Civ.Code art. 112(D), there was no finding at trial that Annie was abused. Further, this issue is rendered moot by the above finding that Howard has only $117.00 in disposable income per month from which to pay Annie.

The trial court was not manifestly erroneous in allocating $1,500.00 for housing and utilities in Howard's budget. It did not abuse its discretion in awarding Annie $117.00 in final periodic support for a period of 24 consecutive months. All costs of this appeal are assessed to the Plaintiff/Appellant, Annie Taylor Green.

**AFFIRMED**.