NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-186

CHRISTOPHER DAVID LAWRENCE

VERSUS

STACEY ELIZABETH LEBLANC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20187431
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

D. KENT SAVOIE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, D. Kent Savoie, and J. Larry Vidrine\*, Judges.

**AFFIRMED.**

———————————

*\*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.*

**Jack Derrick Miller**
**A Professional Corporation**
**Post Office Drawer 1650**
**Crowley, Louisiana 70526**
**(337) 788-0768**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Christopher David Lawrence**

**Helen Popich Harris**
**Attorney at Law**
**321 West Main Street, Suite 2-D**
**Lafayette, Louisiana 70501**
**(337) 291-6092**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Stacey Elizabeth Leblanc**

**SAVOIE, Judge.**

Plaintiff Christopher David Lawrence appeals the amount set by the trial court in its judgment for final periodic support awarded to Defendant Stacey Elizabeth LeBlanc. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Stacey LeBlanc Lawrence, a stay-at-home mother, filed a Rule to Show Cause for Final Spousal Support in this divorce proceeding against her former husband, Christopher David Lawrence, a physician. The rule was heard on November 2, 2020, and it is now before this court on appeal.

After reviewing the evidence and listening to the hearing testimony, the trial court ordered final periodic support be set at $6,025.34 per month, retroactive to September 16, 2020, for a period of twelve months. Christopher Lawrence complains that the trial court erred when it included $750.00 per month for health insurance and $1,000.00 per month for rehabilitative education expenses in the final periodic support amount. He requests a $1,750.00 reduction in the amount ordered by the trial court.

## LAW AND DISCUSSION

This court in *Green v. Green*, 20-29, pp. 2-3 (La.App. 3 Cir. 10/21/20), 308 So.3d 778, 779, explained:

> A trial court may award final periodic support to a party in need who is free from fault. La.Civ.Code art. 112. The trial court must consider all relevant factors in fashioning an award of final periodic support. La.Civ.Code art. 112. Some of those factors include the parties' incomes, debts, earning ability, time necessary for work rehabilitation, health, age, duration of marriage, tax consequences, and whether one party committed domestic abuse. *Id.* The amount awarded cannot exceed one-third of the net income of the paying spouse. *Id.* We review a trial court's award of final periodic support under the manifest error standard of review. *Harmon v. Harmon*, 12-580 (La.App. 3 Cir. 11/7/12), 101 So.3d 1122. Thus, if the trial

court's findings are reasonable, we cannot disturb them even if we may have arrived at a different conclusion. *Id.*; *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

The parties' stipulated through Consent Judgment that Stacey is free from legal fault in the dissolution of the marriage. Christopher earns more than $60,000 per month as an emergency room doctor. Therefore, the amount awarded does not exceed one-third of his net income. Christopher requests a reduction in Stacey's final periodic support because he argues that there is no evidence in the record to support the inclusion of rehabilitative education expenses and health insurance.

In *Fontana v. Fontana*, 13-916, p. 15 (La.App. 2 Cir. 2/12/14), 136 So.3d 173, 183 n. 6 (citing 24A Am.Jur.2d *Divorce and Separation* § 763; *see also* Daniel Jones, *Rehabilitative Alimony—The Goal of Self Support,* 20 J. Contemp. Legal Issues J. 25, n. 2 (2009)), the court explained:

> Rehabilitative alimony is appropriate where the dependent spouse needs to improve his or her job skills in order to obtain a standard of living approaching that enjoyed by the parties during the marriage, and the spouse indicates a desire to enroll in an educational program to obtain job skills or intends to apply the alimony towards job training designed to lead to employment. Other circumstances that may justify an award of rehabilitative alimony include the fact that the requesting party sacrificed educational and employment opportunities during the marriage and was absent from the job market for a significant length of time.

The trial court ordered rehabilitative alimony be included in Stacey's final spousal support in the amount of $1,000.00 per month for one year. The evidence shows that Stacey entered the military as an active-duty Marine upon completion of high school. After four years as a Marine, she enlisted in the National Guard for three years. During those years, she was enrolled at the University of Louisiana, Lafayette. She obtained a four-year degree in Business Administration with a focus in Marketing in 2001. She then graduated from Louisiana State University

2

with a Masters in Business Administration in May 2004 – the same year she married Christopher. The evidence further shows that she had very little work history while married, with the parties agreeing that she would be a stay-at-home mother to their children. Their first child was born in 2006.

Included in the record is a report by Ted Deshotels, a Vocational Rehabilitation Counselor. His report states:

> Presently, Ms. Lawrence is pursuing a master's degree in counseling and hopes to obtain her Licensed Professional Counseling license once she completes the program. The online master's degree program in counseling is sponsored through Walden and she is studying for a Master of Science in a clinical mental health counseling program course. The course is divided into trauma and crisis counseling, forensic counseling, and military families and culture. She states that she is pursuing all three [tracks] at this time. So far, she completed eleven credit hours. The present term will end mid-august 2020[,] and she should at that time have accumulated 21 hours, she estimated. She reportedly need[s] 111 total credit hours to graduate[,] and she says she will take 10 hours per semester. With books and fees included, the cost is approximately $5,000 per semester. Once she completes the present semester, she reportedly will need approximately 90 more credit hours to graduate. At the rate of 10 hours per semester, I estimate Ms. Lawrence should complete the program in approximately 4 ½ years from August 2020.

Therefore, with nine semesters left to finish her degree at $5,000.00 per semester, Stacey would require $45,000 in educational expenses. However, the trial court determined that the law does not require Christopher to pay to re-educate Stacey in a new field, but rather to update the degree she already has in order to make her marketable and competitive with job applicants who have work experience or those recently graduated. The trial court found that it would take more than a few weeks of online courses in order for Stacey to be competitive due to the length of time she was out of the workforce.

Ted Deshotels testified to the following at trial:

3

My overall opinion is that she really lacks updated skills to work in the marketing positions, and, certainly, with positions that would require an MBA, or definitely have a preference of an MBA, you know, skills, like you know, social-media marketing, search option – search engine optimization, SEO training, sales-type software training. And those things are available, it's just that's a process that I think she would need to do if she were to, actually, compete for the jobs that are, actually, listed out there today with what employers are realistically looking for.

Mr. Deshotels was asked:

Q. So getting her back to her full earning capacity that she would have had if she had been working these 14 years of marriage, is going to take how long?

A. Well, I think on the lower-end of what MBA's earn and I have the median-range listed, I would say, you know, again, one to three years and then an additional three to five. So if we do the math, I mean, I would say anywhere from five to eight years to get to the [$]60,000 plus range. But the full range, to get into the, say, [$]80,000 you know, six to eight years, I would say, from today.

When Mr. Deshotels was asked how long it would take Stacey to refresh her master's degree through a university, he stated that he believed it would take her one to two years. Based on the $5,000.00 per semester estimate in Mr. Deshotels report, if Stacey was enrolled at university for the Spring, Summer and Fall Semesters for one year, it would cost her approximately $15,000.00. The trial court awarded her $12,000.00.

We find there is ample evidence to support the trial court's award of rehabilitative education expenses. As such, we find no error in the trial court's inclusion of this amount in Stacey's final spousal support award.

Moving on to the health insurance issue, "final periodic spousal support is limited to an amount sufficient for maintenance." *Stowe v. Stowe*, 49,596, p. 2 (La.App. 2 Cir. 3/4/15), 162 So.3d 638, 640. It is well settled that when determining an award for final spousal support, maintenance includes health

4

insurance policies.  See *Widman v. Widman*, 93-613 (La.App. 3 Cir. 2/2/94), 631 So.2d 689.  "No abuse of the trial court's discretion occurs when the record supports the trial court's award of interim spousal support when the needs of a claimant spouse are established through testimony alone with no documentary evidence in support thereof." *Id.* at 641.

In the present case, Christopher complains that there is no evidence in the record to support an award of $750.00 to Stacey for health insurance each month.  We disagree.  Christopher paid Stacey's health insurance in the interim until final periodic support was ordered.  As such, Stacey was not paying health insurance at the time of the trial on this matter.  When Stacey testified, she was asked how much it would cost her each month for health insurance.  She answered that it would cost her $756.21.  When asked how she came to that number, she explained that she received a quote from an insurance agent via e-mail and that is the number she was given.  Defense attorney objected citing hearsay, and the objection was sustained.  The e-mail was not entered into evidence and was proffered by Stacey.  However, the Income and Expense Sheet was entered into evidence as Leblanc's Exhibit 1.  It includes the amount to which Stacey testified at trial.

The trial judge was asked during his oral ruling how he came up with $750.00 as the amount awarded for health insurance.  He explained that he found it to be a reasonable amount for private insurance.  We agree.  "Some degree of estimation is necessary in most alimony cases, and in cases such as these more leeway must obviously be allowed.  A permanent alimony determination is necessarily sensitive to the particular facts of each case and is unsusceptible of being reduced to a mathematical computation." *Jeansonne v. Jeansonne*, 550

So.2d 973, 976 (La.App. 5 Cir. 1989). If the trial court's findings are reasonable, we cannot disturb them. *Green*, 308 So.3d 778.

Stacey is entitled to health insurance as part of the final periodic spousal support award. She testified to an amount she was quoted for health insurance per month. That amount is included on the Income and Expenses Sheet which is in evidence. We do not find this amount to be unreasonable. Accordingly, we find that the trial court did not commit manifest error in including $750.00 for health insurance in Stacey's final periodic spousal support award.

## CONCLUSION

The judgment of the trial court is affirmed. All costs of this appeal are assessed against Christopher David Lawrence.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.