STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-1093


ROBERT J. NOLAN, II

VERSUS

FIFTEENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20096949
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE


**********


**BILLY HOWARD EZELL**
**JUDGE**


**********


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

COOKS, J., dissents and assigns written reasons.

**AFFIRMED.**


**Charles Eugene Griffin, II**
**P. O. Box 1817**
**466 Ferdinand Street**
**St. Francisville, LA 70775**
**(225) 635-6890**
**Counsel for Plaintiff/Appellant:**
**Robert J. Nolan, II**


**Michael Harson**

**District Attorney, Fifteenth Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Defendant/Appellee:**
**Fifteenth Judicial District Attorney's Office**

**EZELL, JUDGE.**

Robert Nolan appeals the decision of the trial court denying his motion to

terminate his duty to register as a sex offender. For the following reasons, we affirm.

In July 2001, Mr. Nolan pled guilty to five counts of "Illegal Use of a Minor in Nudity-Oriented Material or Performance" under 2907.323 of the Ohio Criminal Code. His sentence included a fine and the requirement that he register as a sexual offender for a period of ten years. In 2009, Mr. Nolan filed a motion in Ohio to terminate his duty to register as a sexual offender, following a case ruling that people convicted of his offense prior to January 1, 2008, were not subject to registration and notification requirements.

While seeking the Ohio motion to terminate his duty to register as a sex offender, Mr. Nolan moved to Louisiana, where he registered as required by law. His Ohio motion was granted in July 2009. Mr. Nolan then filed the current motion to terminate his duty to register as a sex offender in Louisiana. After a hearing on the matter, the trial court denied his motion. From that decision, Mr. Nolan appeals.

On appeal, Mr. Nolan asserts two assignments of error, that the trial court erred in failing to grant full faith and credit to the Ohio judgment terminating his duty to register as a sex offender in that state; and that the trial court erred in requiring him to register as a lifetime sex offender in Louisiana.

Mr. Nolan asserts as his first assignment of error that the trial court erred in not recognizing, or failing to give full faith and credit to, the Ohio judgment stating that he was not required to register as a sex offender under Ohio law. We disagree.

Louisiana Revised Statutes 15:542.1.3(A) states:

> Any person who is convicted or adjudicated of an offense under the laws of another state, or military, territorial, foreign, tribal, or federal law for which R.S. 15:542 requires registration shall be subject to and shall comply with all of the registration requirements of this Chapter within three business days of establishing a residence in Louisiana and shall comply with all notification requirements required in R.S. 15:542.1 within twenty-one days of establishing a residence in Louisiana. Such person shall also notify the bureau within three business days of establishing residence in Louisiana.

1

Louisiana Revised Statutes 15:542 (A)(a) requires registration for "[a] sex offense as defined in R.S. 15:541." Included in the definition of a sex offense in La.R.S. 15:541 (24)(a) is pornography involving juveniles under La.R.S. 14:81.1. That statute includes in the definition of child pornography the intentional possession of photographs involving a child under the age of seventeen which involves "lewd exhibition of the genitals." La.R.S. 14:81.1 (B)(7). Thus, if Mr. Nolan was convicted in Ohio of possession of pictures containing lewd exhibitions of a minor's genitals, he would be forced to register in Louisiana as a sexual offender.

Mr. Nolan was convicted in Ohio of "Illegal Use of a Minor in Nudity-Oriented Material or Performance" under 2907.323(A)(3) of the Ohio Criminal Code. That statute states, in pertinent part, that no person shall:

> (3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:
>
> (a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance.
>
> (b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred.

Mr. Nolan was thus convicted of five counts of possessing pictures containing images of nude minors that were devoid of any "bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose." The Louisiana Bureau of Criminal Identification and Information felt that the conviction

equated to possession of pictures containing lewd exhibitions of a minor's genitals. As the plaintiff in this matter, Mr. Nolan had the burden of proving this determination was incorrect. The trial court felt he did not, and that Mr. Nolan would be required to register as a sexual offender in Louisiana under La.R.S. 15:542.1.3(A), regardless of his status in Ohio's sex offender registration system. Mr. Nolan does not truly challenge this finding, nor is there is anything in the scant record before this court that indicates that determination is erroneous. Rather, he claims that the trial court failed to give full faith and credit to the Ohio judgment stating he was not required to register as a sex offender under Ohio law.

Louisiana courts are required to give full faith and credit to judgments of courts of other states. U.S. Const. art. 4, § 1.

> The constitutional command of full faith and credit, as implemented by Congress, requires that "judicial proceedings * * * shall have the same full faith and credit in every court within the United States * * * as they have by law or usage in the courts of such State * * * from which they are taken." Full faith and credit thus generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it. "By the Constitutional provision for full faith and credit, the local doctrines of *res judicata*, speaking generally, become a part of national jurisprudence, and therefore federal questions cognizable here."

*Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244(1963)(quoting *Riley v. New York Trust Co.*, 315 U.S. 343, 349, 62 S.Ct. 608, 612)(1942))(footnote omitted). However, the Ohio judgment does render the sexual offender registration laws of this state inapplicable to Mr. Nolan. The Ohio judgment simply states that he is not required to register as a sexual offender under the administrative framework of Ohio's sexual offender registration requirements. The State is not seeking to force him to register as a sex offender in Ohio. The judgment Mr. Nolan seeks to have enforced in Louisiana in no way changes or diminishes Louisiana state law as it applies to him, or anyone else convicted of a crime requiring registration under La.R.S. 15:542, et al.

3

The State in this matter is simply enforcing the laws of Louisiana as they apply to Mr. Nolan's original conviction and in no way fails to give full faith and credit to the judgment that he does not have to register as a sex offender in Ohio. Rather, the State is giving full faith and credit to his conviction in enforcing La.R.S. 15:542.1.3. This assignment of error is without merit.

Next, Mr. Nolan claims that the trial court erred in requiring him to register as a lifetime sex offender. However, the judgment appealed does not order that in any way. Nor does the record before this court indicate the length of his required registration at all. To the contrary, the transcript of the hearing indicates that the trial court still felt that there were questions as to this matter and that the administrative process set forth in La.R.S. 15:542.1.3(B)(4) had not yet been completed. Therefore, this matter is, at best, premature, and we will not address this assignment of error.

For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are assessed against Mr. Nolan.

**AFFIRMED.**

ROBERT J. NOLAN, II

VERSUS

FIFTEENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE


**COOKS, J. DISSENTS**.

The procedural requirements for requiring lifetime registration of sex offenders is apparently causing confusion throughout the land. Neither this court nor the Fifteenth Judicial District Court has jurisdiction to hear or rule on the issues raised in this Plaintiff's petition. This case should be dismissed for lack of jurisdiction. This is an out-of-state registry case controlled by La.R.S. 15: 542.1.3(B) which refers to La.R.S. 49:950 et seq., the relevant statute being La. R.S. 49:964(B). This provision grants jurisdiction to hear the matter attacking the Bureau's decision regarding registration of this out-of-state registrant solely to the parish in which the agency is located– here being East Baton Rouge Parish. This includes the Plaintiff's claim that our courts must give full faith and credit to Ohio's decision affecting Plaintiff. The trial court cannot "sustain" anything in this matter and this court cannot "surmise" on any issue in this case. Additionally, until the District Attorney in the parish in which the Plaintiff resides files a motion in district court, and a contradictory hearing is had, pursuant to the provisions of La.R.S. 15:544(E), (Louisiana's child predator laws) this Plaintiff is not required to register for life unless his conduct in Ohio constitutes an offense for which Louisiana requires lifetime registration under

1

the provisions of La.R.S. 15: 544 (B).  But, we cannot, as the majority attempts to do, "equate" his Ohio offense to any Louisiana offense because we have no record before us and we have no jurisdiction to rule.