HIGGINBOTHAM, J.
I ¿The State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (“the Department”), appeals a decision of the Nineteenth Judicial District Court in East Baton Rouge Parish, terminating the requirement of Robert J. Nolan, II to register as a sex offender in Louisiana. For the following reasons, we reverse the district court and reinstate the administrative law judgment affirming the Department’s determination of Mr. Nolan’s registration requirements.
BACKGROUND
While living in Ohio in July 2001, Mr. Nolan pled guilty to a felony offense, five counts of “Illegal use of a minor in nudity-oriented material or performance” under Ohio’s Revised Code, R.C. 2907.323(A)(3), after downloaded pictures of nude minors *200 were found on his office computer. Part of Mr. Nolan’s sentence included the requirement to register as a sex offender in Ohio for ten years. A few years later, after another Ohio case ruled that such convictions did not require sex offender registration in Ohio, Mr. Nolan filed a motion in Ohio to terminate his duty to register. While awaiting the ruling on his motion in Ohio, Mr. Nolan moved with his family to Lafayette, Louisiana, where he began the required process of registering as a sex offender in Louisiana.
Mr. Nolan’s Ohio motion was subsequently granted in July 2009, prompting him to file a similar motion in the Fifteenth Judicial District Court in Lafayette Parish, Louisiana, where he sought an order giving full faith and credit to the Ohio ruling and terminating his Louisiana sex offender registration requirement. The district court in Lafayette denied Mr. Nolan’s motion and he filed an appeal in the Third Circuit Court of Appeal. The Third Circuit affirmed, agreeing with the | ^district court that because of Mr. Nolan’s Ohio conviction he was required to register as a sex offender in Louisiana, regardless of his sex offender registration status in Ohio. The Third Circuit also held that a discussion regarding the length of Mr. Nolan’s Louisiana registration requirement was premature given that the administrative process set forth in La. R.S. 15:542.1.3(A) had not yet been completed. See Nolan v. Fifteenth Judicial Dist. Attorney’s Office, 2010-1093 (La.App.3d Cir.4/6/11), 62 So.3d 805, 807-08, writ denied, 2011-1350 (La.9/2/11), 68 So.3d 520.
Shortly after the Third Circuit decision, on July 29, 2011, the Department sent notification to Mr. Nolan of the Department’s official determination that he would be categorized as a Tier II sex offender in Louisiana due to his Ohio conviction. Thus, Mr. Nolan was formally notified that he was required to register in Louisiana as a sex offender for a period of 25 years from the date of his initial registration, as well as perform in-person renewals every six months, all in accordance with La. R.S. 15:542.1.1(A)(2), La. R.S. 15:542.1.3(A), and La. R.S. 15:544(B)(1).[1] The Department’s notification letter also outlined an administrative appeal process.
Mr. Nolan timely appealed the Department’s tier classification, primarily arguing that pursuant to La. R.S. 15:542.1.3(0, he should not be required to register as a sex offender in Louisiana since he was not a Louisiana resident and he |4was not required to register in Ohio, which he claimed was his state of residence.[2] Mr. *201 Nolan also contended that the Department did not choose the most comparable Louisiana statute when comparing the elements of the offense under Ohio and Louisiana law. An administrative hearing was held before an administrative law judge (ALJ) on April 16, 2012, where the ALJ heard testimony from Mr. Nolan and a criminal records analyst witness for the Department. On June 19, 2012, the ALJ issued a decision affirming the Department’s Tier II classification determination, and specifically finding that Mr. Nolan established a residence in Louisiana in 2009. Thus, Mr. Nolan was required to register as a sex offender in Louisiana for 25 years, pursuant to La. R.S. 15:544.
Disagreeing with the ALJ’s decision, Mr. Nolan filed a petition for judicial review in the Nineteenth Judicial District Court on July 25, 2012.[3] After a hearing and review of the administrative record, the district court signed a judgment on October 23, 2013, finding the Department’s determination to be arbitrary and capricious since Mr. Nolan no longer had any registration obligation in Ohio. Accordingly, the district court ordered the termination of Mr. Nolan’s sex offender registration requirement in Louisiana. The Department appeals, urging error as to the district court’s failure to follow the Third Circuit decision in Nolan, 62 So.3d at 807-08, and as to the district court’s finding that the Department’s determination requiring Mr. Nolan to register as a sex offender in Louisiana for 25 years was arbitrary and capricious.
¡.STANDARD OF REVIEW
A district court’s judicial review of a final administrative decision is governed by the Louisiana Administrative Procedure Act (APA)[4] and its standard of review as set forth in La. R.S. 49:964(G):
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon lawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, *202 due regard shall be given to the agency’s determination of credibility issues.
Any one of the six bases listed in the statute is sufficient to modify or reverse the administrative determination. Wild v. State, Dept. of Health and Hospitals, 2008-1056 (La.App.lst Cir.12/23/08), 7 So.3d 1, 4. When reviewing a final administrative decision, the district court functions as an appellate court. Maraist v. Alton Ochsner Medical Foundation, 2002-2677 (La.App.lst Cir.5/26/04), 879 So.2d 815, 817. The APA further specifies that judicial review shall be conducted by the district court without a jury and shall be confined to the administrative record. La. R.S. 49:964(F).
|6The manifest error test is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test is used in reviewing the administrative tribunal’s conclusions and its exercise of discretion. Save Ourselves, Inc. v. Louisiana Environmental Control Com’n, 452 So.2d 1152, 1159 (La.1984), On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record. Louisiana All Star Baseball Corp. v. State ex rel. Dept. of Revenue Office of Charitable Gaming, 2011-0408 (La.App.lst Cir.9/14/11), 77 So.3d 288; 293. An “arbitrary” decision shows disregard of evidence or of the proper weight thereof, while a “capricious” decision has no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Where the law allows for the administrative tribunal to exercise discretion, the APA’s plain language concludes that such exercise must be neither abusive nor clearly unwarranted. Cedyco Corp. v. Department of Natural Resources, 2007-2500 (La.App.lst Cir.7/23/08), 993 So.2d 271, 275.
Once a final judgment is rendered by the district court, an aggrieved party may seek review of that judgment by appeal to the appropriate appellate court. See La. R.S. 49:965. The appellate court owes no deference to either the factual findings or legal conclusions of the district court when conducting its judicial review over the administrative action, just as the Louisiana Supreme Court owes no deference to the factual findings or legal conclusions of the state’s courts of appeal. Survey America, Inc. v. Louisiana Professional Engineering, 2009-0286 (La. App.lst Cir.2/10/10), 35 So.3d 305, 308 n. 5; Maraist, 879 So.2d at 817-18. Consequently, this court will conduct its own independent review of the record and apply the standards provided by La. R.S. 49:964(G). Doc’s Clinic, APMC v. State ex rel. Dept. of Health and Hospitals, 2007-0480 (La.App.lst Cir.11/2/07), 984 So.2d 711,719, writ denied, 2007-2302 (La.2/15/08), 974 So.2d 665.
DISCUSSION
Initially, we note that the district court erred in reconsidering the issue of whether Mr. Nolan was required to register as a sex offender in Louisiana even though he was relieved of that obligation in Ohio. That same issue was previously decided by another appellate court and the Louisiana Supreme Court declined to review the matter. See Nolan, 62 So.3d at 807-08. Therefore, a valid and final judgment has been rendered and is conclusive on the registration requirement issue, which is now res judicata. See La. R.S. 13:4231(3).[5] After a final judgment, res *203 judicata bars re-litigation of any subject matter arising from the same transaction or occurrence of a previous suit. Stroscher v. Stroscher, 2001-2769 (La.App.lst Cir.2/14/03), 845 So.2d 518, 525. Once a final judgment acquires res judicata status, no court has jurisdiction to change the judgment. Id. The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Certified Finance, Inc. v. Cunard, 2001-0797 (La.App.lst Cir.4/17/02), 838 So.2d 1, 3, writ denied, 2002-1802 (La.10/14/02), 827 So.2d 424. Therefore, the Department’s reliance on the previous Third Circuit appellate decision finding that Mr. Nolan was required to register as a sex offender in | ^Louisiana was not arbitrary or capricious, and we find that the district court erred in failing to give effect to the final judgment rendered by the Third Circuit.
In this case, the ALJ found that the Department established that Mr. Nolan became a resident of Louisiana in 2009, specifically noting that: (1) Mr. Nolan had continuously lived in Louisiana since 2009; (2) Mr. Nolan had a business in Louisiana; (3) Mr. Nolan’s wife worked for the state of Louisiana; (4) Mr. Nolan’s child attends school in Louisiana; (5) Mr. Nolan pays taxes in Louisiana; and (6) Mr. Nolan lists Louisiana as his home address on his federal tax returns. In contrast, the district court did not comment on Mr. Nolan’s residency in its oral reasons, but instead focused on which state, Ohio or Louisiana, had “more of an interest and more significant context” to have its laws upheld.
We find that the district court’s failure to consider Mr. Nolan’s residency constituted an abuse of discretion and error of law. The applicable Louisiana statute at issue, La. R.S. 15:542.1.3(A), specifically addresses procedures for the registration of sex offenders who have residences in Louisiana but who have been convicted under the laws of another state. The statute does not consider which state’s laws have a more significant interest in the sex offender registration requirements. The interpretation of a statute begins with the language of the statute itself. Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners, 2004-1674 (La.2/4/05), 894 So.2d 325, 330. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. Id., 894 So.2d at 330-31.
Based on the plain language of La. R.S. 15:542.1.3(A), it must be determined whether the offender who has been convicted of a sex offense in another state is a resident of Louisiana. If he is a resident of Louisiana, then that |floffender is required to comply with all of the mandatory sex offender registration requirements of Louisiana.[6] Furthermore, we note that *204 La. R.S. 15:542 expressly prohibits the waiver or suspension of sex offender registration requirements, as follows:
|inF. (1) Except as provided in Paragraphs (2) and (3) of this Subsection [involving carnal knowledge of a juvenile], the sex offender registration and notification requirements required by this Chapter are mandatory and shall not be waived or suspended by any court. Any order waiving or suspending sex offender registration and notification requirements shall be null, void, and of no effect. Any order waiving or suspending registration and notification requirements shall not be construed to invalidate an otherwise valid conviction. (Emphasis added.)
Whether Mr. Nolan is a Louisiana resident is a question of fact. Our review of the administrative record establishes ample evidentiary support and no manifest error in the factual finding that Mr. Nolan is a Louisiana resident. He moved his family to Louisiana in 2009 and has been *205 in Louisiana since that time. He filed a convicted sex offender registration form with the Lafayette Parish Sheriffs Office starting on July 1, 2009, and updated it semi-annually, indicating that he resided in Lafayette, Louisiana, and was employed in Lafayette Parish. The form was personally signed by Mr. Nolan. The form indicated that Mr. Nolan’s vehicles were registered in the state of Louisiana. The record also contains a copy of Mr. Nolan’s Louisiana driver’s license with a Lafayette address and copies of his federal and state taxes filed in Louisiana.
After reviewing this matter pursuant to the APA standards, we conclude that the Department’s determination that Mr. Nolan was a Tier II sex offender residing in Louisiana was not manifestly erroneous nor arbitrary and capricious. The comparative laws associated with Louisiana’s criminal statute, La. R.S. 14:81.1 (pornography involving juveniles), includes Ohio’s criminal statute, Ohio-R.C. § 2907.328 (illegal use of a minor in nudity-oriented material or performance). See Historical and Statutory Notes for La. R.S. 14:81.1. Because the comparable sexual offense in Louisiana equated to possession of pornography involving minors, Mr. Nolan is required to register for 25 years. See La. R.S. 15:544(B)(1). We find that a rational basis exists for the Department’s exercise of discretion in |nissuing notification pursuant to statutory authority that Mr. Nolan is required to register as a sex offender in Louisiana for 25 years. Thus, the district court erred in terminating Mr. Nolan’s registration requirements.
CONCLUSION
For the foregoing reasons, the judgment of the district court is reversed, and the decision of the ALJ affirming the Department’s imposition of mandatory Louisiana registration and notification duties on Robert J. Nolan, II for a sexual offense under a Tier II classification is reinstated. Costs of this appeal are assessed to Robert J. Nolan, II.
DISTRICT COURT JUDGMENT REVERSED; DIVISION OF ADMINISTRATIVE LAW JUDGMENT REINSTATED.

. Louisiana Revised Statute 15:542.1.3 is entitled, in part: "Procedures for offenders convicted or adjudicated under the laws of another state” and La. R.S. 15:544 is entitled "Duration of registration and notification period.” Reading La. R.S. 15:542.1.3(A) and La. R.S. 15:544(B)(1) together, any person convicted under the laws of another state of a comparable sexual offense in Louisiana against a victim who is a minor shall register for a period of 25 years, unless the underlying conviction is reversed, set aside, or vacated. The Department determined that Mr. Nolan’s Ohio conviction for illegal use of a minor in nudity-oriented material or performance pursuant to Ohio-R.C. 2907.323(A)(3) was comparable to the Louisiana offense for possession of pornography involving juveniles under La. R.S. 14:81.1, a Tier II offense. Louisiana Revised Statute 15:542(A)(Z )(a) requires registration for "[a] sex offense as defined in R.S. 15:541.” Included in the definition of a sex offense in La. R.S. 15:541(24)(a) is pornography involving juveniles under La. R.S. 14:81.1, for possession of photographs, electronic or otherwise, of any sexual performance involving a child under the age of seventeen and the "lewd exhibition of the genitals.” La. R.S. 14:81.1(B)(5) & (7).

. Louisiana Revised Statute 15:542.1.3(C) provides, in part, that "[ajny nonresident full-time or part-time worker employed in [Louisiana] who would be required to register in his *201 state of residence shall register with the appropriate law enforcement agencies as provided in R.S. 15:542 within three business days of employment.” (Emphasis added.)

. A party aggrieved by an adjudication proceeding is entitled to judicial review by the district court in the parish in which the agency is located. La. R.S. 49:964(A)(1) & (B).

. The provisions of the APA are set out in La. R.S. 49:950-973.

. The doctrine of res judicata is codified in La. R.S. 13:4231 and specifically applies only when there is a “valid and final judgment” between the parties. Official Comment (d) *203 (1990) to La. R.S. 13:4231 further explains the requirement of a "valid and final judgment,” stating:
To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given. The judgment must also be a final judgment, that is, a judgment that disposes of the merits in whole or in part. The use of the phrase “final judgment” also means that the pre-elusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal. (Emphasis added.)

. Louisiana Revised Statute 15:542.1.3(A) provides in pertinent part;
Any person who is convicted or adjudicated of an offense under the laws of another state ... for which R.S. 15:542 requires registration shall be subject to and shall *204 comply with all of the registration requirements of this Chapter within three business days of establishing a residence in Louisiana and shall comply with all notification requirements required in R.S. 15:542.1 within twenty-one days of establishing a residence in Louisiana. (Emphasis added.)
Louisiana Revised Statute 15:542 provides in pertinent part:
A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter;
(1) Any adult residing in this state who has pled guilty to, has been convicted of ... the following:
(a) A sex offense as defined in R.S. 15:541
[[Image here]]
(b) A criminal offense against a victim who is a minor as defined in R.S. 15:541[.] (Emphasis added.)
Louisiana Revised Statute 15:541 provides in pertinent part:
For purposes of this Chapter, the definitions of terms in this Section shall apply: (24)(a) “Sex offense” means ... conviction for the perpetration or attempted perpetration of ... R.S. 14:81.1 (pornography involving Juveniles).... A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state ... which is equivalent to an offense provided for in this Chapterf]
[[Image here]]
(25) "Sexual offense against a victim who is a minor” means conviction for the perpetration ... of ... any of the following:
[[Image here]]
(e) Pornography involving juveniles (R.S. 14:811). (Emphasis added.)
Louisiana Revised Statute 14:81.1 provides in pertinent part:
A. (1) It shall be unlawful for a person to ... possess ... pornography involving juveniles.
[[Image here]]
B. For purposes of this Section, the following definitions shall apply:
[[Image here]]
(5) "Pornography involving juveniles” is any photograph, videotape, film, or other reproduction, whether electronic or otherwise, of any sexual performance involving a child under the age of seventeen.
[[Image here]]
(7) "Sexual performance” means any performance or part thereof that includes ... lewd exhibition of the genitals or anus. (Emphasis added.)
Comparative Laws associated with La. R.S. 14:81.1 include Ohio-R.C. § 2907.32 to 2907.323. See Historical and Statutory Notes for La. R.S. 14:81.1.