HIGGINBOTHAM, J.
Michael Ledet appeals his classification as a Tier II sex offender based on his 2005 federal conviction and incarceration for possession of materials involving the sexual exploitation of minors, in violation of 18 USCA 2252. The district court upheld an administrative law judge's (ALJ) determination that the State of Louisiana, through the Department of Public Safety and Corrections, Public Services, Office of State Police, Bureau of Criminal Identification and Information ("the Bureau"), properly classified Mr. Ledet in 2014 pursuant to the most comparable state statute, La. R.S. 14:81.1, concerning possession of pornography involving juveniles. Consequently, Mr. Ledet is currently required to register in Louisiana as a sex offender for a period of 25 years from the date of his initial registration, as well as perform in-person renewals every six months, all in accordance with La. R.S. 15:540, et seq.[1]
BACKGROUND
On March 23, 2005, Mr. Ledet was charged by a federal bill of information with one count of possession of child pornography. He pled guilty to the charge and was sentenced on July 28, 2005, to serve two years in federal prison. Upon his supervised release from prison, Mr. Ledet resided in Mandeville, Louisiana. As a required condition of his supervised release, Mr. Ledet initially registered as a sex offender on June 12, 2007, with the Sheriff's Office for St. Tammany Parish. He was informed at that time that he must renew his registration annually for ten years from the date of his initial registration. The Sheriff's Office forwarded Mr. Ledet's registration to the Bureau. For the next seven years, Mr. Ledet annually updated his registration as required.
On August 7, 2014, the Bureau sent written notification to Mr. Ledet that his period of registration and frequency of his in-person periodic renewals had been reviewed and it was determined, by comparing *350 the elements of the most comparable Louisiana statute (pornography involving juveniles) with the criminal elements of the federal statute (sexual exploitation of minors), that Mr. Ledet should be classified as a Tier II offender. A Tier II classification involves offenses defined in La. R.S. 15:541(25) as "Sexual offense[s] against a victim who is a minor" and require a 25-year registration period, as well as an in-person registration renewal every six months from the date of the initial registration. See La. R.S. 15:544 and La. R.S. 15:542.1.1 (A)(2). Additionally, Mr. Ledet was informed of his right to appeal the Tier II classification by submitting a written request for an administrative hearing as provided in the Louisiana Administrative Procedure Act ("the APA"), La. R.S. 49:950, et seq. , within one year from the date that the Bureau posted its determination on the Sex Offender and Child Predator Registry ("the Registry"). The Bureau's determination was posted on the Registry on August 7, 2014.
Almost a full year later, Mr. Ledet submitted a formal appeal of the Bureau's Tier II determination and requested an administrative hearing by letter dated August 4, 2015. On October 14, 2015, a hearing was held on the merits of Mr. Ledet's Tier II classification and, after argument, witness testimony, admission of evidence, and the submission of post-hearing briefs, a Decision and Order was rendered and signed by an ALJ on December 3, 2015. In detailed written reasons, the ALJ affirmed the Bureau's determination. After the ALJ denied Mr. Ledet's request for reconsideration, Mr. Ledet filed a petition for judicial review of the ALJ's decision in the Nineteenth Judicial District Court on February 11, 2016. The district court reviewed the administrative record and the parties' memoranda, as well as heard oral arguments on May 23, 2017. On March 28, 2018, the district court signed an amended judgment denying Mr. Ledet's petition and rendering judgment in favor of the Bureau, thereby affirming the ALJ decision and finding that the ALJ's decision was not arbitrary and capricious. Mr. Ledet now appeals to this court for review of the district court and the ALJ's decisions.[2]
STANDARD OF REVIEW
A district court's judicial review of a final administrative decision is governed by the APA and its standard of review as set forth in La. R.S. 49:964(G) :
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined *351 by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
When reviewing a final administrative decision, the district court functions as an appellate court, confining its review to the administrative record. Any one of the six bases listed in the statute is sufficient to modify or reverse the administrative determination. See La. R.S. 49:964(F). See also Nolan v. State , 2013-2140 (La. App. 1st Cir. 6/6/14), 148 So.3d 198, 202, writ denied, 2014-1795 (La. 11/14/14), 152 So.3d 881.
The manifest error test is used in reviewing the facts as found by the ALJ, but the arbitrary and capricious test is used in reviewing the ALJ's conclusions and its exercise of discretion. Nolan, 148 So.3d at 202. On legal issues, the reviewing court gives no special weight to the findings of the ALJ, but conducts a de novo review of questions of law and renders judgment on the record. Id. Once a final judgment is rendered by the district court, an aggrieved party may seek review of that judgment by appeal to the appropriate appellate court. Id.See also La. R.S. 49:965. The appellate court owes no deference to either the factual findings or legal conclusions of the district court when conducting its judicial review over the administrative action. Consequently, this court will conduct its own independent review of the record and apply the standards provided by the APA, La. R.S. 49:964(G). Id.
LAW AND ANALYSIS
Louisiana maintains a comprehensive statutory scheme governing sex offender registry within the state. See La. R.S. 15:540, et seq. Louisiana Revised Statute 15:544(B)(1) is the general provision addressing the duration of an offender's registration requirement when the offender has been convicted of a sexual offense against a victim who is a minor as defined in La. R.S. 15:541, and requires the offender to maintain registration for a period of 25 years from the date of initial registration in Louisiana. Pursuant to La. R.S. 15:541 (25)(d) a "[s]exual offense against a victim who is a minor" includes pornography involving juveniles, a violation of La. R.S. 14:81.1(B)(8), which is defined as "any photograph, videotape, file, or other reproduction, whether electronic or otherwise, of any sexual performance involving a child under the age of seventeen." Further, once a sex offender establishes a residence in Louisiana, La. R.S. 15:542.1.3(A) requires that the offender provide the Bureau certain information pertaining to the offense of conviction. The Bureau then determines the offender's period of registration and the frequency of in-person periodic renewals by analogizing the offender's out-of-state offense of conviction to the "most comparable Louisiana offense." La. R.S. 15:542.1.3(B)(2)(a).
Initially, we reject Mr. Ledet's argument that the ALJ erroneously conducted the administrative hearing as a judicial review. The transcript of the administrative hearing clearly reflects that the ALJ conducted the hearing as a trial on the merits concerning Mr. Ledet's assertions that his Tier II sex-offender classification was improperly determined by the Bureau *352 several years after he had already been classified. Counsel for both Mr. Ledet and the Bureau made opening and closing statements, evidence was presented by both parties and admitted into the record, and witnesses testified on behalf of both parties. The ALJ also allowed both parties to submit post-hearing memoranda before issuing a decision. The record does not reveal any prejudice or error in the administrative hearing proceeding.
Mr. Ledet's main argument on appeal is that the ALJ erroneously concluded that Mr. Ledet was properly classified as a Tier II sex offender. Mr. Ledet maintains that the comparable Louisiana law (pornography involving juveniles) is not equivalent to his conviction for the federal crime of sexual exploitation of minors (by possessing child pornography), because the victim's ages are different in each statute. Under the federal law, a minor is any person under the age of 18 years ( 18 USCA 2256(1) ), whereas under the Louisiana pornography involving juveniles statute, the victim is any person under the age of 17 years ( La. R.S. 14:81.1 (B)(8) ). Mr. Ledet suggests that because the federal bill of information charging him with one count of possession of child pornography does not establish the age of the victim, his guilty plea does not equate to the Louisiana law concerning pornography involving juveniles. However, considering that both the federal law and Louisiana law have a common legislative purpose of protecting against the exploitation of children and the protection of minors from criminal sexual conduct that has been visually depicted, we find no merit to Mr. Ledet's argument that the statutes are not comparable. See La. R.S. 15:540 (general purpose behind registration requirements for sex offenders and child predators). See also State v. Watts, 2009-0912 (La. App. 4th Cir. 6/16/10), 41 So.3d 625, 636, writ denied, 2010-1685 (La. 1/28/11), 56 So.3d 966. Additionally, a clear reading of La. R.S. 15:540(A), La. R.S. 15:541(24)(a), and La. R.S. 15:541 (25)(d) considered together, reflects that the terms "sex offense" and "sex offender" apply to all defendants convicted of one of the enumerated offenses against a victim who is a minor that require registration regardless of the age of the victim. This interpretation is further supported by the jurisprudence. See State v. Mueller, 2010-0710 (La. App. 4th Cir. 12/8/10), 53 So.3d 677, 683. We also note that the Louisiana statute regarding pornography involving juveniles specifically states that "[l]ack of knowledge of the juvenile's age shall not be a defense." La. R.S. 14:81.1 (D)(1).
Mr. Ledet's final argument is that the ALJ erroneously found that no tier classification had ever been made until Mr. Ledet was re-classified by the Bureau in August of 2014. The Louisiana Legislature amended the statutory sex offender Registry scheme to increase the baseline registration periods through 2007 La. Acts, No. 460 § 2, effective January 1, 2008. The Louisiana Supreme Court has held that retroactive application of the new registration periods do not impose punishment and, therefore, do not violate state and federal ex post facto laws. See State v. Billiot, 2012-0174 (La. App. 1st Cir. 9/21/12), 104 So.3d 113, 117 (citing State ex rel. Olivieri v. State, 2000-0172 (La. 2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730, and 534 U.S. 892, 122 S.Ct. 208, 151 L.Ed.2d 148 (2001) ). Instead, the registration of sex offenders is merely a civil regulatory framework. Billiot, 104 So.3d at 117. Thus, the period of time a sex offender is obligated to register may be extended during the time of the original registration period. Id. Mr. Ledet's classification that was made by the Bureau in *353 August of 2014 occurred during his original registration period. Accordingly, the ALJ was not arbitrary and capricious in affirming the Bureau's imposition of a Tier II classification for Mr. Ledet in 2014 when the Bureau became aware that Mr. Ledet was improperly classified under current law.
CONCLUSION
After reviewing this matter pursuant to the APA standards, we conclude that the Bureau's determination that Mr. Ledet was a Tier II sex offender residing in Louisiana was not manifestly erroneous nor arbitrary and capricious. Because the comparable sexual offense in Louisiana equated to possession of pornography involving minors, Mr. Ledet is required to register for 25 years pursuant to La. R.S. 15:544(B)(1). Thus, the district court did not err in affirming the ALJ's affirmation of the Bureau's determination. The March 28, 2018 amended judgment of the district court is affirmed. Costs of this appeal are assessed to Michael Ledet.
AFFIRMED.
McClendon, J. concurs.

Louisiana Revised Statute 15:542.1.3 is entitled, in part: "Procedures for offenders convicted or adjudicated under ... federal law;" and La. R.S. 15:544 is entitled "Duration of registration and notification period." Read together, any Louisiana resident convicted under federal law of a comparable sexual offense in Louisiana against a victim who is a minor shall register for a period of 25 years, as a Tier II sex offender.

Pursuant to a Rule to Show Cause Order issued by this court on October 19, 2017, the parties filed a joint motion to remand the matter to the district court for the limited purpose of allowing the district court to sign an amended judgment containing appropriate decretal language. After the appellate court record was supplemented with the amended judgment, a different panel of this court voted to maintain Mr. Ledet's appeal while reserving a final determination to this merits panel. We have examined the amended judgment and agree to maintain Mr. Ledet's appeal.