**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0666

GRANT C. BENNETT, SR. AND
GRANT C. BENNETT INSURANCE AGENCY, INC.

VERSUS

LOUISIANA DEPARTMENT OF INSURANCE

Judgment Rendered: __**MAY 1 2 2021**__

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C-653,771

The Honorable Timothy E. Kelly, Judge Presiding

* * * * *

Vincent F. Wynne, Jr.
Shannon K. Lowry
R. Gary Higgins, Jr.
Covington, Louisiana

Attorneys for Plaintiffs/Appellants,
Grant C. Bennett, Sr. and
Grant C. Bennett Insurance Agency,
Inc.


Dominique Jones
Scott Whitford
Baton Rouge, Louisiana

Attorney for Defendant/Appellee,
Louisiana Department of Insurance

* * * * *

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

Holdridge J., dissents w/ reasons.

**PENZATO, J.**

This is an appeal by Grant C. Bennett, Sr. and Grant C. Bennett Insurance Agency, Inc. of a district court judgment dated January 21, 2020, which affirmed the administrative law judge's decision that affirmed the Louisiana Department of Insurance's (Department) revocation of Mr. Bennett's and Grant C. Bennett Insurance Agency, Inc.'s licenses and imposition of fines. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Mr. Bennett and Grant C. Bennett Insurance Agency, Inc. (collectively "Appellants") held Louisiana insurance producer licenses, which the Department summarily suspended on July 1, 2015. On July 28, 2015, Appellants appealed the suspension action and requested a stay of the suspension until the appeal was decided. Prior to the hearing on the request for a stay, the Department revoked Appellants' licenses and imposed fines of $5,000.00 on each Appellant. Appellants requested that the revocation of the licenses also be stayed, which was granted with the stay of the summary suspensions. The Department subsequently filed a supplemental notice of revocation and civil fine dated September 9, 2015, which cited further violations of the Insurance Code.

On November 3, 2016, an administrative hearing took place before an administrative law judge (ALJ), who rendered judgment in favor of the Department, affirming the revocations and fines issued against both Appellants. Appellants filed a petition for judicial review in the Nineteenth Judicial District Court, appealing the decision of the ALJ. After a hearing held December 9, 2019, the district court signed a judgment dated January 21, 2020, which provided, in pertinent part, as follows:

The Court, having considered the Petition and the briefs submitted by the parties, applicable law, arguments of counsel, and for the reasons orally assigned:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that upon Judicial Review, the Petition for Review of Grant C. Bennett, Sr., and Grant C. Bennett Insurance Agency, Inc., is DENIED.

**IT IS FUTHER ORDERED, ADJUDGED, AND DECREED** that the disposition of this judicial review was my ruling issued on December 9, 2019, at the hearing on this matter.

It is from this judgment that Appellants appeal.

## LAW AND DISCUSSION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends only to "final" judgments. *See* La. C.C.P. art. 2083(A); *DeVance v. Tucker*, 2018-1440 (La. App. 1st Cir. 5/31/19), 278 So. 3d 380, 382. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La. C.C.P. art. 1841.

A valid judgment must be "precise, definite, and certain." *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045 (La. App. 1st Cir. 12/20/02), 836 So. 2d 364, 365-366. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So. 2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings and reasons for judgment. *Advanced Leveling,* 268 So. 3d at 1046. Thus, a judgment that does not contain decretal language cannot be considered as a final

judgment for the purpose of an immediate appeal, and this court lacks jurisdiction to review such a judgment. *See Johnson v. Mount Pilgrim Baptist Church*, 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So. 2d 66, 67.

The Department charged appellants with violating La. R.S. 22:1554(A)(3), (4) and (5), initially suspended the licenses, and ultimately revoked both licenses and fined both appellants. Louisiana Revised Statutes 22:1554(C) permits a party aggrieved by the Department's determination to demand a hearing with the Division of Administrative Law in accordance with La. R.S. 22:2191 *et seq.* An aggrieved party may within thirty days after mailing of notice of the act or order of the Department demand a hearing, which is to be held in accordance with La. R.S. 49:950 *et seq.* La. R.S. 22:2191(A) & (B). The ALJ conducted such a hearing on November 3, 2016, affirming the decision of the Department. Judicial review of administrative decisions, such as those by the Department, is governed by La. R.S. 49:964(G) of the Louisiana Administrative Procedure Act, which provides that a court "may affirm the decision of the agency or remand the case for further proceedings[,]" and further provides the circumstances under which an administrative decision may be modified or reversed. An aggrieved party may obtain a review of any final judgment[1] of the district court by appeal to the appropriate circuit court of appeal. The appeal shall be taken as in other civil cases. La. R.S. 49:965; *Thigpen v. Louisiana State Board of Nursing*, 2013-0841

---

[1] This court has consistently defined a final judgment according to the articles contained in Book II of the Louisiana Code of Civil Procedure. *See Wachovia Mortgage Corp. v. Hoover*, 2019-1520 (La. App. 1st Cir. 9/21/20), ___ So. 3d ___, ___, 2020 WL 5627169, at * 2, which states:

> This court's appellate jurisdiction extends only to "final judgments." *See* La. Code Civ. P. art. 2083(A). Louisiana Code of Civil Procedure article 1918 provides that "[a] final judgment shall be identified as such by appropriate language."

4

(La. App. 1st Cir. 2/14/14), 138 So. 3d 16, 22.[2] When reviewing an administrative final decision, the district court functions as an appellate court. *Id.*

Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. C.C.P. art. 2082. Louisiana Code of Civil Procedure article 2083(A) provides that a final judgment is appealable. This court has consistently dismissed appeals of district court judgments that were not final due to lack of decretal language, even when brought pursuant to the district court's appellate jurisdiction of a petition for judicial review. *See Miller v. McCain*, 2019-1607 (La. App. 1st Cir. 8/17/20), 311 So. 3d 401, 404; *Smith v. Department of Public Safety and Corrections*, 2020-1202 (La. App. 1st Cir. 4/16/21), 2021 WL 1438721 (unpublished). Furthermore, in *Metcalfe & Sons Investments, Inc. v. State ex rel. Department of Natural. Resources*, 2010-2120 (La. App. 1st Cir. 12/14/11), 2011 WL 6288044, at *2 (unpublished), *writ denied*, 2012-0143 (La. 3/23/12), 85 So. 3d 94, this court had to first determine whether there was a final judgment before the court arising from the judicial review by the district court of an administrative hearing. The court did find the judgment to be final and the appeal proper since the district court judgment "Reversed" the decision of the Commissioner of Administration. Such disposition is not present in the judgment in the instant case.

The January 21, 2020 judgment <u>denies</u> the Appellants' petition for judicial review and directs that "the disposition of this judicial review was my ruling issued

---

[2] Ordinarily, appeals are from final judgments. La. C.C.P. art. 2083. *Smith v. UNR Home Prod.*, 614 So. 2d 54, 54 (La. 1993). The Louisiana Code of Civil Procedure defines three types of judgments: (1) an interlocutory judgment, which determines preliminary matters in the course of an action, but does not determine the merits (La. C.C.P. art. 1841); (2) a final judgment, which determines the merits of the case in whole or in part (La. C.C.P. art. 1841); and (3) a partial final judgment, which disposes of some, but not all, of the issues on the merits, and in some instances requires a designation of finality by the trial court for the purpose of an immediate appeal (La. C.C.P. art. 1915). Different rules govern the appealability of these three types of judgments. (*See* La. C.C.P. arts. 2083(A), 2083(C), and 1915(B) ("A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814," whereas "[a]n interlocutory judgment is appealable only when expressly provided by law.")). *West Baton Rouge Parish Council v. Tullier*, 2018-1722 (La. App. 1st Cir. 1/11/21), ___ So. 3d ___, ___, 2021 WL 82340, at * 3 & n.3.

5

on December 9, 2019, at the hearing on this matter[,]" but does not affirm, remand, reverse, or modify the decision of the Department.[3] A final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. *See Kelley v. Estate of Kelley*, 2019-1044 (La. App. 1st Cir. 2/21/00), 299 So. 3d 720, 722 (judgment granting motion for summary judgment but not dismissing all claims lacked appropriate decretal language); *Johnson*, 934 So. 2d at 67 (finding that language in a judgment that granted an exception of no cause of action but did not dismiss plaintiffs' claims lacked appropriate decretal language and did not constitute a final judgment for purposes of immediate appeal). As outlined previously herein, the judgment did not affirm, remand, reverse, or modify the decision of the agency pursuant to La. R.S. 49:965(G). Because the judgment lacks sufficient decretal language, ascertainable from the four corners of the judgment, the ruling on which this appeal is based is not a final judgment. *See DeVance*, 278 So. 3d at 382. In the absence of a valid final judgment clearly stating or ordering the relief to be granted, we lack subject matter jurisdiction, and the appeal must be dismissed. *See Advanced Leveling*, 268 So. 3d at 1046-47.[4]

We recognize this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. *See Stelluto v. Stelluto*, 2005-0074 (La. 6/29/05), 914 So. 2d 34, 39. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate

---

[3] While on December 9, 2019, the district court orally affirmed the prior decision in open court, the judgment fails to contain language affirming the decision.

[4] This court is cognizant of the case of *McQueary-Layne v. Louisiana Board of Nursing-RN Division, through LSBN*, 2019-0641 (La. App. 1st Cir. 3/10/20), 2020 WL 8459145, at *3 (unpublished action). However, we find *McQueary-Layne* to be distinguishable from the present case. In *McQueary-Layne* while the judgment at issue referred to a document outside the judgment and not attached to same, the judgment included language affirming the prior decision of the agency. Based upon the inclusion of language affirming the agency decision in the judgment, this court determined that the judgment was a final appealable judgment pursuant to La. R.S. 49:964(G). However, clearly the court recognized and addressed the issue of lack of subject matter jurisdiction.

6

remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. *Markiewicz v. Sun Construction, LLC*, 2019-0869 (La. App. 1st Cir. 5/28/20), 304 So. 3d 877, 880 n.3. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of precise, definite, and certain decretal language to an application for supervisory writs.

## CONCLUSION

For the above and foregoing reasons, the appeal of the January 21, 2020 judgment is hereby dismissed. Costs of this appeal are assessed one-half against Grant C. Bennett, Sr. and Grant C. Bennett Insurance Agency, Inc. and one-half against the Louisiana Department of Insurance in the amount of $1669.00.

**APPEAL DISMISSED.**

7

| GRANT C. BENNETT, SR. AND GRANT C. BENNETT INSURANCE AGENCY, INC. | STATE OF LOUISIANA |
| --- | --- |
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| LOUISIANA DEPARTMENT OF INSURANCE | NO. 2020 CA 0666 |

 **HOLDRIDGE, J., dissenting.**

I respectfully dissent. In this case, this Court has subject matter jurisdiction to review a final judgment rendered by the district court that denied a petition for judicial review filed by Grace C. Bennett, Sr. and Grant C. Bennett Insurance Agency, Inc. The district court was functioning as an appellate court, *i.e.* Thigpen v. Louisiana State Bd. of Nursing, 2013-0841 (La. App. 1 Cir. 2/14/14), 138 So.3d 16, 23, and denied the request of the appellants to reverse or modify the decision of the administrative agency. See La. R.S. 49:964(G). The lack of decretal language does not deprive this Court of subject matter jurisdiction just as the Supreme Court is not deprived of jurisdiction to hear a case from the Court of Appeal because of the lack of decretal language. See La. C.C.P. art. 1918. The words "reversed" (Metcalfe & Sons Investments, Inc. v. State ex rel. Department of Natural Resources, 2010-2120 (La. App. 1 Cir. 12/14/11), 2011 WL 6288044, at *2, writ denied, 2012-0143 (La. 3/23/12), 85 So.3d 94)) and "affirmed" (McQueary-Layne v. Louisiana Board of Nursing - RN Division Through LSBN, 2019-0641 (La. App. 1 Cir. 3/10/20), 2020 WL 8459145, at *2 (unpublished)) have been found to be sufficient for this Court to review the decision of the trial court acting as an appellate court. In this case, the trial court "denied" the petition for judicial review and orally affirmed the administrative decision in its reasons. I find that this is a reviewable final judgment.

Therefore, I respectfully dissent and find that this Court should not dismiss the appeal in this case, but should decide the case, or at the very least, retain

jurisdiction and remand the case for the district court to correct any possible defect in the judgment in accordance with this Court's decision in <u>Ledet v. Louisiana Department of Public Safety and Corrections</u>, 2017-1457 (La. App. 1 Cir. 9/24/18), 259 So.3d 348, 350 n.2, <u>writ denied</u>, 2018-1751 (La. 1/28/19), 262 So.3d 901.